IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-0154-N |
| DALLAS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

**PRELIMINARY INJUNCTION**

By separate Memorandum Opinion and Order of this same date, the Court has found and held that (1) Plaintiffs are substantially likely to prevail on the merits of their procedural due process and equal protection claims, (2) Plaintiffs will suffer irreparable harm if no preliminary injunction issues, (3) the balance of harms favors the Plaintiffs, and (4) the public interest favors issuance of a preliminary injunction. It is, therefore, ordered that the Felony Judges and Misdemeanor Judges (as defined in the Memorandum Opinion) and Dallas County, Texas (collectively, "Dallas County" or the "County"), together with their respective officers, agents, attorneys, and employees, and all those acting in active concert with them with notice of this preliminary injunction, are enjoined as follows:

1. Dallas County is enjoined from imposing prescheduled bail amounts as a condition of release on arrestees who attest that they cannot afford such amounts without providing an adequate process for ensuring there is individual

consideration for each arrestee of whether another amount or condition provides sufficient sureties.

2. Pretrial Service staff, as County employees and subject to its policies, must verify an arrestee's ability to pay a secured financial condition of release by an affidavit, and must explain to arrestees the nature and significance of the verification process.

3. The purpose of the explanation is to provide the notice due process requires: that a defendant's state constitutional right to be bailable by sufficient sureties is at stake in the proceedings. Pretrial services must deliver completed affidavits to the Dallas County Sheriff's Office before a declarant's probable cause hearing.

4. The affidavit must give the arrestee sufficient opportunity to declare under penalty of perjury, after the significance of the information has been explained, the maximum amount of financial security the arrestee would be able to post or pay up front within 24 hours of arrest. The affidavit should ask the arrestee to provide details about his or her financial situation sufficient to help the County make reliable determinations regarding the amount of bail that would provide sufficient sureties, including: 1) arrestee and spouse's income from employment, real property, interest and dividends, gifts, alimony, child support, retirement, disability, unemployment payments, public-assistance, and other sources; 2) arrestee and spouse's employment history for the prior two

years and gross monthly pay; 3) arrestee and spouse's present cash available and any financial institutions where cash is held; 4) assets owned, e.g., real estate and motor vehicles; 5) money owed to arrestee and spouse; 6) dependents of arrestee and spouse, and their ages; 7) estimation of itemized monthly expenses; 8) taxes and legal costs; 9) expected major changes in income or expenses; 10) additional information the arrestee wishes to provide to help explain the inability to pay. The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contributions of family and friends.

5. The purpose of this requirement is to provide a better, easier, and faster way to get the information needed to determine a defendant's ability to pay.

6. The affidavit can be completed within 24 hours after arrest.

7. The court does not order relief against the Magistrates, the Misdemeanor Judges, or the Felony Judges in their judicial or legislative capacities.

8. Defendants who are not subject to: (1) formal holds preventing their release from detention; (2) pending mental-health evaluations to determine competency; or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence, have a constitutionally protected state-created liberty interest in being bailable by sufficient sureties

before trial. If a defendant has executed an affidavit showing an inability to pay secured money bail and the Magistrate does not order release either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit then the defendant is entitled to a hearing within 48 hours of arrest in which an impartial decision-maker conducts an individual assessment of whether another amount of bail or condition provides sufficient sureties. At the hearing, the arrestee must have an opportunity to describe evidence in his or her favor, and to respond to evidence described or presented by law enforcement. If the decision-maker declines to lower bail from the prescheduled amount to an amount the arrestee is able to pay, or impose an alternative condition of release, then the decision-maker must provide written factual findings or factual findings on the record explaining the reason for the decision, and the County must provide the arrestee with a formal adversarial bail review hearing before a Misdemeanor or Felony Judge. The Dallas County Sheriff is thus authorized to decline to enforce orders requiring payment of prescheduled bail amounts as a condition of release for said defendants if the orders are not accompanied by a record showing that the required individual assessment was made and an opportunity for formal review was provided. All nonfinancial conditions of release

ordered by the Magistrates, including protective orders, drug testing, alcohol intake ignition locks, or GPS monitoring, will remain in effect.

9. The purpose of this requirement is to provide timely protection for the state-created liberty interest in pretrial release and to prevent the pretrial detention of a defendant on a financial condition when that defendant would be able to obtain release by paying but is unable to do so. By "promptly," the court means on the same time frame of release that a defendant who paid a secured money bail would receive being bailable by sufficient sureties and to prevent the automatic imposition of prescheduled bail amounts without an adequate process for ensuring that there is individualized consideration of whether another amount or condition provides sufficient sureties.

10. To enforce the 48-hour timeline, the County must make a weekly report to the district court of defendants identified above for whom a timely individual assessment has not been held. The County must also notify the defendant's counsel and/or next of kin of the delay. A pattern of delays might warrant further relief from the district court. Because the court recognizes that the County might need additional time to comply with this requirement, the County may propose a reasonable timeline for doing so.

11. The purpose of this requirement is to give timely protection to the state-created liberty interest in being bailable by sufficient sureties by enforcing federal standards indicating that 48 hours is a reasonable time frame for completing

the administrative incidents to arrest. The 48-hour requirement is intended to address the endemic problem of arrestees being detained until case disposition and pleading guilty to secure faster release from pretrial detention.

12. For defendants who are subject to formal holds and who have executed an affidavit showing an inability to pay the secured financial condition of release, the Sheriff must treat the limitations period on their holds as beginning to run the earliest of: (1) after the probable cause hearing; or (2) 24 hours after arrest. The purpose of this requirement is to ensure that defendants are not prevented from or delayed in addressing their holds because they are indigent and therefore cannot pay a secured financial condition of release.

13. Defendants who do not appear competent to execute an affidavit may be evaluated under the procedures set out in the Texas Code of Criminal Procedure Article 16.22. If competence is found, the defendant is covered by the relief the court orders, with the exception that the 24-hour period begins to run from the finding of competence rather than from the time of arrest. As under Article 16.22, nothing in this order prevents the misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation.

Absent further Order of this Court, this preliminary injunction will take effect thirty (30) days from the date of this order. Pursuant to Federal Rule of Civil Procedure 65(c), the Court waives the requirement of a bond.

Signed September 20, 2018.

                                                    David C. Godbey
                                            United States District Judge