IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al.*, | § | |
| Plaintiffs, | § § § | |
| v. | § | Civil Action No. 3:18-CV-0154-N |
| DALLAS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

# **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs Shannon Daves, Shakena Walston, Erriyah Banks, Destinee Tovar, Petroba Michieko, and James Thompson's motion for class certification [2]. For the reasons set forth below, the Court grants Plaintiffs' motion and certifies the following class:

> All arrestees who are or will be detained in Dallas County custody because they are unable to pay a secured financial condition of release.

If a preliminary injunction is granted, the class period will extend from the date of this order through the final disposition of this case, or until further order from the Court.

## I. ORIGINS OF THE DISPUTE

This case concerns Dallas County's pretrial detention system. Plaintiffs are recent arrestees in custody at the Dallas County Jail. Plaintiffs allege that the County, the Sheriff, the Magistrates, the Felony Judges, and the Misdemeanor Judges employ an unconstitutional "system of wealth-based detention by imposing and enforcing secured money bail without an inquiry into and findings concerning the arrestee's present ability to pay." Compl. ¶ 8 [1].

Plaintiffs seek both injunctive and declaratory relief against the County's procedures. Now before the Court is Plaintiffs' motion for class certification.

## II. THE LEGAL STANDARD FOR CLASS CERTIFICATION

Rule 23 of the Federal Rules of Civil Procedure sets forth two main requirements that must be satisfied before a class is certified. First, Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Additionally, the proposed class must satisfy at least one element of Rule 23(b). FED. R. CIV. P. 23(b). Here, Plaintiffs rely on 23(b)(2), which applies when "injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).

For the reasons set forth below, the Court finds that the Plaintiffs' proposed class satisfies both Rule 23(a) and Rule 23(b).

## III. THE PROPOSED CLASS SATISFIES RULE 23(a)

Defendants do not contest that the Plaintiffs' proposed class meets the numerosity requirement under Rule 23(a)(1), or the adequacy requirement under Rule 23(a)(4). The Court finds that Plaintiffs have proven those elements. Defendants instead argue that the proposed class lacks sufficient commonality and typicality to be certified under Rules 23(a)(2) and 23(a)(3). *See* Defs.' Resp. to Mot. for Class Certification 9–11 [31]; Defs.' Resp. to Mot. to Certify Class 8–9 [37]. The Court respectfully disagrees.

### *A. The Proposed Class is Sufficiently Common*

To satisfy the commonality requirement under Rule 23(a)(2), Plaintiff must demonstrate that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The key question is whether resolution of the common issues will resolve "each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011).

The proposed class is sufficiently cohesive for this type of relief to be granted. It does not "encompass *any* person arrested in Dallas County for *any* reason and subject to *any* bail." Resp. 9 [37]. It is instead explicitly limited to those people that would not be detained but for their inability to pay the secured financial condition of release. That some of those people were arrested for felonies and others were arrested for misdemeanors does not change the analysis. Every arrestee is exposed to the same procedures that allegedly result in wealth-based pretrial detention. The process, not the result, is the origin of this dispute.

Indeed, the common question in this case is not, as Defendants suggest, "why was my bail set at an amount I could not afford." Resp. 10 [31]. Rather, it is whether or not the alleged procedures that apply to all arrestees and result in unaffordable bail deprive the proposed class members of constitutionally required process. Resolving that question will resolve the claims of every proposed class member, regardless of what crime they committed. The Court thus finds that the proposed class satisfies the requirements for commonality under Rule 23(a)(2).

### *B. The Proposed Class has Requisite Typicality*

Plaintiffs must also demonstrate that "the claims of the representative parties are typical of the claims of the class." FED. R. CIV. P. 23(a)(3). As the Supreme Court has noted, "commonality and typicality . . . tend to merge," as both requirements "serve as guideposts for determining . . . whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. at 378 n.5.

Plaintiffs' claims meet this mark for similar reasons to those stated above. The Plaintiffs are not challenging individual bail determinations. If they were, each claim would be unique, and satisfying the typicality requirement would be a tall order. Instead, this action challenges universal policies and practices that allegedly results in certain individuals being detained solely because they could not pay the set bail. The constitutional challenges brought by Plaintiffs against these procedures are the same challenges that any member of the class would bring. The Court thus finds that the proposed class meets the typicality requirement under Rule 23(a)(3). Accordingly, the proposed class satisfies the requirements under Rule 23(a).

### IV. THE PROPOSED CLASS SATISFIES RULE 23(B)

The proposed class must also satisfy one of the elements under Rule 23(b) to be certified. Plaintiffs seek certification under Rule 23(b)(2). Rule 23(b)(2) applies only when:

> A single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant.

*Wal-Mart*, 564 U.S. at 360.

Here, a single injunction would provide relief to each proposed class member. If the Plaintiffs requested an injunction mandating affordable bail, the Court would be presented with the same issue the Fifth Circuit encountered in *Maldonado v. Ochsner Clinic Foundation*: "individualized issues [would] overwhelm class cohesiveness." 493 F.3d 521, 524 (5th Cir. 2007) (denying certification to a proposed class seeking an injunction to require the provision of "mutually affordable health care" under 23(b)(2)). In such a case, deciding what qualifies as "affordable" bail would require individual assessments for each class member, and relief could not be granted to all class members in a single injunction. Yet that is not the injunction Plaintiffs request. They instead request an order that enjoins Defendants from using one universally applicable set of procedures, and requires them to replace it with another set of universally applicable procedures.[1] Relief in the form of reformed procedures is relief for every class member. Accordingly, the Court finds that the proposed class satisfies Rule 23(b)(2).

---

[1] Specifically, Plaintiffs assert that Defendants "must make an inquiry and findings concerning ability to pay if they demand payment of a secured financial condition of release so that they can determine whether the condition of release will actually result in detention. If the arrestee cannot afford the required payment, and the condition of release will operate to detain her, then Defendants must make the findings and provide the procedural safeguards required by the Constitution for a valid order of pretrial detention. . .". Pls.' Reply in Supp. of Mot. for Class Certification 8-9 [62].

## V. LACK OF NEED DOES NOT PREVENT CERTIFICATION

Defendants also urge the Court to deny certification by arguing that certification is not necessary to provide the relief Plaintiffs seek. Resp. 3-9 [31]. The Court respectfully declines to do so.

As a preliminary matter, it is not clear that this Court must evaluate whether certification is necessary before certifying a proposed class that satisfies Rule 23. The Circuit courts are currently split on the issue, with the Fifth Circuit yet to pick one side over the other. *See Johnson v. City of Oelousas,* 658 F.2d 1065, 1069-70 (5th Cir. 1981) ("There is a division of authority on whether a trial judge properly may deny certification to an otherwise eligible class solely because of 'lack of need' i.e., because all potential class members will benefit automatically from any relief granted to the named plaintiff. We need not reach that issue in this case because we believe that the substantial risk of mootness presented by the facts of this dispute was sufficient to create a need for certification.").

The Fifth Circuit has decided, however, that it is an abuse of discretion to refuse "to certify an otherwise appropriate class because of 'lack of need'" when there is a risk of mootness. *Id.* at 1070. The Court finds this decision applicable and binding here. The Supreme Court's note in *Gerstein v. Pugh* is particularly on point*:*

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'

420 U.S. 103, 110-11 n.11 (1975).

There is a high probability that the named Plaintiffs' claims will become moot at some point during the litigation. Thus, under *Johnson*, it would seemingly be an abuse of discretion to deny certification due to lack of need. Even if it were not, however, Supreme Court "cases leave no doubt" that even if the "claims of the named plaintiffs have since been rendered moot . . . by obtaining class certification, plaintiffs preserved the merits of the controversy for review." *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991).

Thus, even if the Court is required to rule on the necessity of the class in addition to the requirements in Rule 23, it would be error to deny certification here due to a lack of need. Much like in *Johnson*, the "risk of mootness is great . . . and the issue raised is important not only to [Plaintiffs] but others similarly situated." *Johnson*, 658 F.2d at 1069. Accordingly, the Court declines to deny certification due to a lack of need.

## VI. CLASS CERTIFICATION IS NOT PREMATURE

Defendants also allege that it would be premature for the Court to certify the proposed class before ruling on the motions to dismiss in this case. The Court disagrees. Rule 23 plainly states that a district court should rule on motions for class certification "as soon as practicable after the commencement of an action brought as a class action." FED. R. CIV. P. 23(c)(1). Where mootness problems like the one presented in this case arise, the Supreme Court has urged "district courts [to] heed strictly" to this requirement. *Swisher v. Brady*, 438 U.S. 204, 213-14 n.11 (1978).

The decision is thus discretionary, though the law encourages courts to decide on certification sooner rather than later, especially when there is a risk of mootness. Given the

risk of mootness and request for a preliminary injunction here, the Court finds it is apt to decide on the motion for certification prior to the motions to dismiss. As such, the decision to certify the Plaintiffs' proposed class is not premature.

## Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion. This case may be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The named Plaintiffs are appointed as class representatives. The following class is certified: all arrestees who are or will be detained in Dallas County custody because they are unable to pay a secured financial condition of release. If a preliminary injunction is granted, the class period will extend from the date of this order through the final disposition of this case, or until further order from the Court.

Signed September 20, 2018.

_David C. Godbey_
David C. Godbey
United States District Judge