IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action |
| | § | Case No. 3:18-CV-154 |
| | § | |
| DALLAS COUNTY, TEXAS, *et al.*, | § | |
| Defendants. | § | |

## OPPOSED REQUEST FOR MODIFICATION AND CLARIFICATION OF THE COURT'S PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dallas County, Texas, and files this Opposed Request for Modification and Clarification of the Court's Preliminary Injunction, and would show the Court as follows:

The Fifth Circuit recognized that the "details" of its model injunction should be molded to the particulars of the locality. *ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147, 164 (5th Cir. 2018). Dallas County requests modification and clarification of a few details of Paragraph 8 as they specifically relate to practices in Dallas County.

### I. Argument and Authorities

The parties have submitted a separate brief setting forth the agreed modifications. This motion requests modification of Paragraph 8. While the parties conferred extensively on this paragraph, and in many ways agree to the fundamental principles of how this paragraph should be modified, the parties were unable to agree fully on the language.

Paragraph 8 of the Court's injunction currently provides (emphasis added):

Defendants who are not subject to: (1) formal holds preventing their release from detention; (2) pending mental-health evaluations to determine competency;  or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence, have a constitutionally protected state-created

liberty interest in being bailable by sufficient sureties before trial. **If a defendant has executed an affidavit showing an inability to pay secured money bail and the Magistrate does not order release** either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit **then the defendant is entitled to a hearing within 48 hours of arrest** in which an impartial decision-maker conducts an individual assessment of whether another amount of bail or condition provides sufficient sureties.

### A. Only one appearance before a Magistrate within forty-eight hours of arrest should be required.

The highlighted language above could be construed as requiring two appearances before a Magistrate: one at which the Magistrate considers bail, and then a later, individualized assessment of bail. This language, extracted from the Fifth Circuit's model injunction, is likely due to a practice that existed in Harris County that does not exist in Dallas County. At the time of the preliminary injunction hearing in *ODonnell*, Harris County had a program called early presentment where some arrestees would be considered for an early personal bond through a paper-only process that occurred prior to their bail hearing. This language in the Fifth Circuit's model injunction was most likely a clarification that arrestees who did not receive a personal bond through early presentment were still entitled to a hearing.

Dallas County does not currently have a similar program. The parties agree that it would be most efficient to have arrestees only appear once before a Magistrate, so long as that appearance meets the requirements of an "individualized assessment of bail."

### B. Those with most types of formal holds should still receive an individualized assessment of bail.

Formal holds, placed by a law enforcement or state agency, exist in many forms. Most common is an out of county hold, where the accused has a pending case in another jurisdiction and that agency is entitled to time in which to take custody of the person before they are released. For most types of holds, the parties agree that Paragraph 8 should be modified to

2

require that these arrestees receive an individualized assessment of bail within forty-eight hours of arrest.

However, for cases in which a defendant is ineligible for bail, a bail hearing is unnecessary. The most common example is when a defendant is arrested for a parole violation. Section 508.254(c) states that "except as provided by subsection (d), pending a hearing on a charge of parole violation, ineligible release, or violation of a condition of mandatory supervision, a person returned to custody shall remain confined." Subsection (d) provides that "a magistrate of the county in which the person is held in custody may release the person on bond pending the hearing if" three conditions are satisfied, including that the warrant for the person's arrest provides that the person is eligible for release on bond. In practice, most parole violators are not bond eligible and there is no need for a bail hearing.

In short, Dallas County requests that the injunction be modified to make clear that any arrestee who is eligible for bond should have a hearing; any arrestee ineligible for bond under Texas law should not receive a hearing.

## C. __Preventive detention is allowed for some offenses.__

*ODonnell* concerned only misdemeanor arrestees. Texas law allows for the denial of bond in only very limited circumstances in misdemeanor cases.[1] The Fifth Circuit recognized this by carving out "pretrial preventive detention orders for violating a condition of release for a crime of family violence" in Section 8. But this case concerns felonies, and the Texas Constitution expressly provides for pretrial preventive detention orders for various felonies in section 11. Therefore, Dallas County requests clarification that bond can be denied in accordance

---

[1] The denial of bail should not be confused with setting an affordable bail. This is the error made by the district court in *ODonnell*. *See ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147, 158 (5th Cir. 2018) ("The district court held that § 11 creates a state-made 'liberty interest in misdemeanor defendants' release from custody before trial. . . .' This is too broad a reading of the law. . . . [T]he constitutional provision forbidding denial of release on bail for misdemeanor arrestees does not create an automatic right to pretrial release.").

with section 11a, 11b, and 11c of the Texas Constitution. However, no reason exists to preclude people falling within these categories from receiving an individualized assessment. Rather, at the assessment, release may be denied if a person falls within one of these categories.

## II.  Conclusion

Dallas County respectfully requests that the Court grant this request for modification and clarification of the preliminary injunction order and revise Paragraph 8 to read:

> ~~Defendants who are not subject to: (1) formal holds preventing their release from detention; (2) pending mental health evaluations to determine competency;  or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence, have a constitutionally protected state-created liberty interest in being bailable by sufficient sureties before trial. If a defendant has executed an affidavit showing an inability to pay secured money bail and the Magistrate does not order release either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit then the defendant is entitled to a hearing within 48 hours of arrest in which an impartial decision-maker conducts an individual assessment of whether another amount of bail or condition provides sufficient sureties.~~ <u>All defendants are entitled to a hearing within  48 hours of arrest in which an impartial decision-maker conducts an individual assessment of what amount of bail or condition provides sufficient sureties, except defendants who are ineligible for bail under Texas law or awaiting a mental competency evaluation.  Nothing in this order prevents a judicial officer from denying bail in accordance with the Texas Constitution.</u>  At the hearing, the arrestee is  . . .

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Philip J. Morgan
Texas Bar No. 24069008
phil.morgan@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
1800 Bering, Suite 750
Houston, Texas 77057
Tel: 713.525.6200
Fax: 713.647.6884


**FAITH JOHNSON**
**DISTRICT ATTORNEY**

*/s/ Peter L. Harlan*
Peter L. Harlan
Assistant District Attorney
Texas Bar No. 09011300
Federal Section
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
Ph: 214-653-3691 – Fax: 214-653-2899
pharlan@dallascounty.org


ATTORNEYS FOR
DALLAS COUNTY

**Certificate of Conference**

I certify that I conferred with Plaintiffs' counsel about the relief requested and they are opposed to Dallas County's specific revisions.

*/s/ Philip J. Morgan*
Philip J. Morgan


**Certificate of Service**

I certify that on the 19th day of October, 2018, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Philip J. Morgan*
Philip J. Morgan