IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| SHANNON DAVES, *et al.*, <br><br> On behalf of themselves and all others similarly situated, <br><br> FAITH IN TEXAS, <br> TEXAS ORGANIZING PROJECT, <br><br> On behalf of themselves, <br><br> Plaintiffs, <br><br> v. <br><br> DALLAS COUNTY, TEXAS, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-154 |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND MODIFICATION OF THE PRELIMINARY INJUNCTION**

I. **Plaintiffs' Reply in Support of Their Requests for Clarification**

Provision 1

Plaintiffs requested that this Court clarify that the injunction prohibits imposition of "monetary bail amounts," as opposed to "prescheduled bail amounts," without individualized consideration. Dkt. 169 at 1. This clarification is intended to remedy the constitutional infirmity this Court identified. Defendants incorrectly argue that such a change unnecessarily broadens the order. Dkt. 176 at 2. In *ODonnell I*, the Fifth Circuit required "implement[ion of] the constitutionally-necessary procedures to engage in a case-by-case evaluation of a given arrestee's circumstances." *ODonnell v. Harris Cty.*, 892 F.3d 147, 163 (5th Cir. 2018) (*ODonnell I*). The individualized assessment is required in all circumstances, whether the secured bail amount

1

matches a schedule or not. This minor modification makes clear that arrestees who cannot access the funds required to meet a secured financial condition of release—whether or not that amount corresponds precisely with the bond schedule—are given a constitutionally-mandated individualized determination within 48 hours. *Daves v. Dallas Cty., Texas*, No. 3:18-CV-0154-N, 2018 WL 4510136, at *7 (N.D. Tex. Sept. 20, 2018). The County's view—that it could evade this Court's order by selecting larger amounts of money than those listed on the predetermined schedule, or by eliminating the bail schedule altogether, without engaging in the individualized consideration required by the Fifth Circuit—has no basis in either this Court's or the Fifth Circuit's legal reasoning.

Provision 8

Plaintiffs requested that this Court permit arrestees to "present" evidence, rather than merely "describe" it, at the hearing contemplated by Provision 8. Dkt. 169 at 2. Defendants contend that adding the term "present"—so the order would read, "arrestee must have an opportunity to describe *and present* evidence"— "interjects ambiguity" into the order. Dkt. 176 at 2. But, as written, the order authorizes the government to do just that: the government is allowed to both describe and present evidence. If any ambiguity exists, it prejudices only arrestees, since arrestees alone are not allowed to "present" evidence. Thus, the order appears to prohibit arrestees from putting forth some category of evidence that the government is allowed to put forth. This could not have been the intention of this Court, and it is not consistent with the rest of this Court's opinion. Defendants offer no reason why it should be so. Plaintiffs do agree with Defendants, however, that evidentiary rules need not apply at this hearing.

Provision 10

Plaintiffs requested that this Court clarify that weekly reports contain specific information so that this Court and Plaintiffs can assess compliance with the order and, if Defendants are not complying, the reasons for non-compliance. Dkt. 169 at 4. Defendants appear to take issue with Plaintiffs' request for information about individuals who did not receive an individualized hearing within 48 hours. Dkt. 176 at 4. Defendants argue that the only information about such people relevant to this Court's order is how many of them did not get a hearing and very limited information as to why they did not get a hearing. *Id.* at 4. That argument is wrong.

The breadth and extent of Defendants' noncompliance would be highly relevant to any further relief this Court might craft to remedy it. For example, this Court would consider different relief if this Court found that the delay in receiving an individualized determination was routinely less than 24 hours as opposed to several days. But Defendants propose to not report any information whatsoever concerning the length of the delays. This and other information Plaintiffs seek to have included in the weekly report is necessary to meaningfully determine the breadth and extent of possible noncompliance.

Provision 13

Plaintiffs asked this Court to require that all arrestees excluded from relief under Provision 8[1] be given an individualized hearing within 48 hours of resolution of the basis for the exclusion. Dkt. 169 at 5. Defendants argue that Plaintiffs' "proposed change is too inflexible" because "a perfect storm of timing," which would be "rare" might not allow a person caught in the storm to receive a hearing within 48 hours. Dkt 176 at 5–6. Defendants, however, provide no reason why

---

[1] Arrestees are excluded from relief under Provision 8 if they are subject to: (1) formal holds preventing their release from detention; (2) pending mental-health evaluations to determine competency; or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence.

such a person should be treated differently than a new arrestee after the basis for exclusion from Provision 8 has been resolved. A new arrestee caught in the "perfect storm of timing" Defendants conjure would still be entitled to an individualized hearing within 48 hours. The same must be true for a person whose initial basis for exclusion from Provision 8 has been resolved.

## II. Plaintiffs' Reply in Support of Their Requests for Modification

Provision 10

Plaintiffs requested that Provision 10 be clarified to require—instead of authorize—that the Sheriff decline to enforce unconstitutional directives. Dkt. 169 at 6. Defendants do not, and cannot, contest Plaintiffs' assertion that the provision as currently written would introduce deep uncertainty into the system because the order might be applied inconsistently among arrestees and, more importantly, the Sheriff would be free to simply ignore the constitutional violations found by this Court. Defendants argue that the Plaintiffs' proposal conflicts with *ODonnell II*. Dkt. 176 at 6. This is incorrect.

First, this Court can enjoin the Sheriff from enforcing unconstitutional orders. *See* Dkt. 69 at 7–10. Government entities and officials like the Sheriff have an independent obligation not to violate the federal constitution, and federal courts have unquestioned authority to order state and local officials to cease their violations of federal civil rights laws. *See, e.g.*, *Cooper v. Aaron*, 358 U.S. 1, 17 (1958) ("[T]he prohibitions of the Fourteenth Amendment extend to all action of the State denying equal protection of the laws; whatever the agency of the State taking the action, or whatever the guise in which it is taken . . . [Constitutional rights] can neither be nullified openly and directly by state legislators or state executive or judicial officers, nor nullified indirectly by them . . . ." (internal citations omitted)); *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018). This is true whether or not the Sheriff is acting as a policymaker for the County.

Moreover, *ODonnell II* does not conflict with Plaintiffs' proposal.[2] Defendants rely on the Fifth Circuit's decision to stay four provisions of the district court's amended injunction to argue that this Court cannot enjoin the Sheriff from enforcing unconstitutional orders. Dkt. 176 at 6. This argument confuses *ODonnell II*'s analysis of *whether* a constitutional violation existed with what a federal court should do *once it finds a violation*.

*ODonnell II* concerns whether a constitutional violation existed. There, the Fifth Circuit motions panel concluded that the district court could not require release of arrestees who were not given a hearing and individual assessment within 48 hours *because the policy at issue presented no constitutional violation*. *ODonnell II*, 900 F.3d at 227–28. But the dispute here is, when a constitutional violation under *ODonnell* is found, should Defendants be required to fix it or are they allowed to keep enforcing their illegal policies.

This Court followed the decisions in both *ODonnell I* and *ODonnell II* and found discrete constitutional violations. *Daves*, No. 3:18-CV-0154-N, 2018 WL 4510136, at * 7. Unlike in *ODonnell II*, the only question implicated by Plaintiffs' modification request is the "simple" question of what a government official must do if a federal court has found that she is violating the Constitution. *See Strawser v. Strange*, 105 F. Supp. 3d 1323, 1329 (S.D. Ala. 2015), *aff'd sub nom. Strawser v. Alabama*, No. 15-12508 (11th Cir. Oct. 20, 2015) (explaining that "the choice should be simple" when a local official is "faced with complying with either [state court orders] or with complying with the United States Constitution"). The official cannot enforce the unconstitutional order. *Id.* To hold otherwise would mean, for example, that the federal courts were

---

[2] To the extent that Defendants argue that Plaintiffs' proposal is contrary to *ODonnell I*, Plaintiffs address this argument in their Response in Opposition the Sheriff's Motion to Dismiss, Dkt. 69 at 10, and incorporate herein the relevant portions of their Response.

powerless to order local clerks to issue marriage licenses to same-sex couples even though state judges had told them not to. *See, e.g.*, *id.*

Provision 4

Plaintiffs initially requested that this Court modify the Provision to state that "the question [the financial affidavit is meant to answer] is what amount the arrestee could reasonably pay within 24 hours of his or her arrest." Dkt. 169 at 6. Based on Defendants' representations in their response, Plaintiffs make a small alteration to their request. Plaintiffs ask that the provision be modified to say: "The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contributions of family and friends *that he or she reasonably believes he or she can obtain within 24 hours of arrest*." This modification ensures that arrestees are not asked to speculate about the potential availability of funds from third parties.

Reporting Requirement

Plaintiffs requested that this Court modify the injunction to include a reporting requirement that will allow Plaintiffs and this Court to monitor the County's new system. Dkt. 169 at 7. Plaintiffs asked for three categories of information: 1) completed interview forms and financial affidavits; 2) documents relating to policies and procedures for implementing the injunction; and 3) certain data relating to arrestees. Defendants do not appear to oppose the first two categories. Defendants, however, object to the third category as premature and irrelevant. Dkt. 176 at 8. It is not.

The documents sought are highly relevant to the ultimate resolution of this case. This Court has granted Plaintiffs' motion for preliminary injunction and has found that Plaintiffs are likely to succeed on the merits on their Equal Protection and Procedural Due Process claims. *Daves*, No. 3:18-CV-0154-N, 2018 WL 4510136, at *4–6. This Court did not, as Defendants maintain, hold

that the "results of the bail hearings [going forward] are irrelevant," Dkt 176 at 8. How the County's bail system functions going forward will be a critical question at the permanent injunction hearing, and in any proceedings concerning whether Defendants are complying with the preliminary injunction. Collecting and reporting basic data about how the system is functioning will be essential for this Court as it crafts permanent relief in this case.

This request is not premature. This Court has inherent powers to conduct discovery, *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993), and it is plainly empowered to do so to monitor the implementation of its order, regardless of whether discovery has formally opened, *e.g.*, *W Sec. & Exch. Comm'n v. Radio Hill Mines Co.*, 479 F.2d 4, 7 (2d Cir. 1973). The fact that there are motions to dismiss pending have no bearing on Defendants' obligations to implement the terms of the preliminary injunction. (And, given the preliminary injunction order, it is unlikely that all of Plaintiffs' claims will be dismissed after this Court rules on the pending motion to dismiss and highly likely that the information sought, which is relevant discovery, will be provided by Defendants.) Modifying the reporting requirement will not only allow the Plaintiffs and Court to monitor the Defendants' new system in advance of the beginning of formal discovery, but it will ensure expedient resolution of the ultimate issues in this case.

### III. Conclusion

The parties respectfully request that this Court grant Plaintiffs' motion for clarification and modification of the preliminary injunction order.

Respectfully Submitted,

| | |
|---|---|
| */s/ Elizabeth Rossi* | */s/ Trisha Trigilio* |
| Elizabeth Rossi (*Pro Hac Vice*) | Trisha Trigilio |

D.C. Bar No. 1500502
Alec Karakatsanis (*Pro Hac Vice*)
D.C. Bar No. 999294
A. Dami Animashaun[**] (*Pro Hac Vice*)
N.Y. Bar No. 5552849
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: (202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org
alec@civilrightscorps.org
dami@civilrightscorps.org

/s/ *Kali Cohn*
Kali Cohn
Texas Bar. No. 24092265
ACLU Foundation of Texas
N.Y. Bar No. 5021647
ACLU Foundation of Texas
6440 N. Central Expressway
Dallas, TX 75206
Tel: (214) 346-6577
Fax: (713) 942-8966
kcohn@aclutx.org

Texas Bar No. 24075179
Andre Segura
N.Y. Bar No. 5021647
ACLU Foundation of Texas
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146
Fax: (713) 942-8966
ttrigilio@aclutx.org
asegura@aclutx.org

/s/ *Andrea Woods*
Andrea Woods (*Pro Hac Vice*)
Washington Bar Number: 48265
Brandon J. Buskey (Pro Hac Vice)
Alabama Bar Number: ASB-2753-A50B
ACLU Foundation
Criminal Law Reform Project
New York, NY 10004
Tel: (212) 284-7364
Fax: (212) 549-2654
awoods@aclu.org
bbuskey@aclu.org

s/ *Susanne Pringle*
Susanne Pringle
Texas Bar No. 24083686
Emily Gerrick
Texas Bar No. 24092417
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 108
Austin, Texas 78752
Tel: (512) 637-5220
Fax: (512) 637-5224
springle@fairdefense.org
egerrick@fairdefense.org

*Attorneys for Plaintiffs*

---

[**] Admitted solely to practice law in New York; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49.

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2018, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

/s/ Elizabeth Rossi
Elizabeth Rossi