IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | Case No. 3:18-cv-00154 |
| v. | ) | |
| | ) | |
| DALLAS COUNTY, TEXAS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## UNOPPOSED EMERGENCY MOTION FOR EXTENSION
## AND UPDATE TO THE COURT

The deadline to implement the Court's Preliminary Injunction was January 16, 2019. (*See* ECF No. 173.) Dallas County provides the following update and requests an emergency two-week extension to fully comply with Paragraphs 2 and 3 of the Preliminary Injunction, which requires that Pretrial Services assist the accused with the financial affidavit twenty-four hours a day, seven days a week and provide notice that due process requires. Significant progress has been made to hire and train the required personnel, and, as a result, this requirement is being met for all but two shifts (3 pm to 11:30 pm on Saturday and Sunday). An extension is necessary because these shifts cannot be covered by Pretrial Services until the last two people, who have been hired but not yet fully completed the on-boarding process, start on January 28, 2019.

The Magistrate Judges, however, can provide notice and discuss the affidavit with the accused during the hearing. Because the Magistrate Judges can and will provide the functional equivalent of what was required by the Court order during the shifts at issue, Plaintiffs are unopposed to this motion for extension.

## Background

On August 7, 2018, prior to the preliminary injunction hearing, Dallas County Commissioners Court approved the "Pretrial Plan." (Ex. A, Pretrial Plan).  In this plan, Dallas County Commissioners Court committed to providing funding for numerous changes to the pretrial process, including (i) hiring additional Pretrial Services staff so that they are present at the jail twenty-four hours a day, seven days a week to assist the accused with the financial affidavit and conduct a risk assessment; (ii) providing Public Defenders to represent the accused at the magistration hearing; (iii) hiring additional assistant district attorneys; (iv) making necessary infrastructure changes, including spending $1.2 million on renovations at the jail to accommodate Public Defenders and Assistant District Attorneys; and (v) making technology upgrades. (Ex. A, Pretrial Plan.) Commissioners Court has shown its commitment to the Pretrial Plan by funding the positions necessary to carry out the Pretrial Plan through various Court Orders. (*See* ECF No. 167, Ex. A.)

On September 20, 2018, this Court entered a Preliminary Injunction. (ECF No. 165.) The injunction has three main components. First, "Pretrial Service staff . . . .[must] verify an arrestee's ability to pay a secured financial condition by affidavit, and [] explain to arrestees the nature and significance of the verification process." (*Id.*) Second, arrestees must receive an individualized assessment of bail within 48-hours of arrest. (*Id.*)[1] Third, if at this hearing the Magistrate Judge "declines to lower bail from the prescheduled amount to an amount the arrestee is able to pay, or impose an alternative condition of release[,] . . . [then] the County must provide the arrestee with a formal adversarial bail review hearing . . . ." (*Id.*)

---

[1] Dallas County sought clarification on the Court's order regarding whether one or two appearances before a Magistrate Judge were required within forty-eight hours of arrest. (ECF No. 172.) The Plaintiffs and Dallas County actually agree that only one appearance is necessary, but they could not agree on how to change the order to accomplish this modification.

Though the Pretrial Plan went further than what the Court required, the Court's Preliminary Injunction dovetailed well with the Pretrial Plan. However, Dallas County explained that more staff were needed to comply with even the minimum requirements of the injunction, particularly the requirement that Pretrial Services staff be available around the clock to assist with the financial affidavit. (ECF No. 167) (explaining that "Dallas County must hire and train staff to offer the affidavit and provide notice twenty-four hours a day, seven days a week"). Dallas County also requested clarification as to whether the Public Defender could assist with the affidavit, such that had Public Defenders been allowed at magistration and allowed to provide the affidavit, the affidavit would have been easily administered at all times. (ECF No. 168.) Moreover, additional time was also needed to hire the additional staff to carry out fully the Pretrial Plan. Dallas County requested an extension so that the Pretrial Plan and Court's injunction could seamlessly and simultaneously be implemented. (*Id.*)

## Current Status of Implementation

### A. Dallas County needs an additional two weeks for Pretrial Services to administer the financial affidavit during two weekend shifts.

As previously explained (*see* ECF No. 167), to comply with the requirement that Pretrial Services assist the accused with the financial affidavit, Dallas County needed to hire additional staff. Dallas County funded nine additional Pretrial Services staff to both provide the affidavit and conduct a risk assessment. Dallas County, and in particular, the Pretrial Services Office, has been diligent in posting and hiring these new position. But the hiring process takes time.

All nine new employees have been identified. Five new employees have completed the hiring process and are working. Two employees are awaiting one last administrative step before they can start working, and it is anticipated that this step will be complete this week. Two other

employees, however, are still finalizing their paperwork. It is anticipated that they will be able to start January 28, 2019.

Until all nine new staff members are fully hired and working, it is not possible to provide Pretrial Services staff at the jail at all times. Specifically, even with creative staffing solutions and current Pretrial Services staff working overtime, there are two shifts that cannot be covered: Saturday and Sunday 3 pm to 11:30 pm. Therefore, during these two shifts, while the accused will be provided with an affidavit, no Pretrial Services staff member will be assisting the accused.[2] Moreover, until Pretrial Services is fully staffed, it is also not possible to conduct a risk assessment on each arrestee. Though the risk assessment is not required by the Court's order, it is an important component in providing a meaningful, individualized assessment of bail.

Accordingly, Dallas County requests a two-week extension to fully implement Paragraph 3 of the Court's order and to fulfill its commitment in the Pretrial Plan to provide a risk assessment to all arrestees.[3]

**B. The remainder of the process is in full compliance with the Court's order, but the Felony Judges have not yet approved having Public Defenders at magistration.[4]**

The accused are afforded an individualized assessment of bail within 48 hours of arrest as required. In fact, most arrestees are provided a hearing within 24 hours of arrest. In addition to providing an individualized assessment of bail, the Magistrate Judges are stating their reasons for

---

[2] The Magistrate Judges will have the financial affidavit, and, to the extent that it is incomplete or additional information is needed as a result of the accused not receiving the assistance of Pretrial Services, the Magistrate Judges will request additional information. The Magistrate Judges will also provide the notice due process requires.
[3] While the Court did not explicitly require that Pretrial Services be present 24/7, this is the effect of the Court's order. It is not possible to suspend the magistration and intake process during these two shifts. Doing so would create an unworkable backlog of arrestees at the jail. Arrestees would have to be housed during this period without being magistrated, and then moved again to have their individualized assessment of bail. While the Court allowed 48 hours in which to conduct the hearing, delaying the hearing in this manner would actually result in the accused spending more time in custody than necessary, which would be contrary to the spirt of the Court's order.
[4] This part of the motion is not requesting any relief and is provided for the Court's benefit. Plaintiffs take no position on it.

setting bail orally on the record. Thus, the accused are provided an individualized assessment of bail as required.

The goal has always been to have Public Defenders assist with magistration. Dallas County publically announced its intent to fund such a program in August 2017. No party objected. In November, Dallas County sought an extension of implementing the Court's order, premised in part on the need to hire Public Defenders. (ECF No. 167) (explaining why Public Defenders, though not required, would be highly beneficial). No party objected. Also in November, Dallas County funded the positions via a publically-available order. (ECF No. 167, Ex. A.) Again, no party objected.

In fact, hearing no objections to providing Public Defenders at magistration over the course of several months, Dallas County has spent $1.2 million renovating space in the Lew Sterrett Jail to accommodate Public Defenders and assistant district attorneys. Public Defenders have been hired and are ready to work.

It was not until the last two weeks that the Felony Judges expressed trepidation at allowing Public Defenders at magistration. At this time, the Felony Judges have not approved having Public Defenders at magistration. On January 15, the Felony Judges issued an order that allowed attorneys at a "bail review hearing *following* the individualized assessment and initial appearance [under] Texas Code of Criminal Procedure article 15.17 . . . ." (Ex. B, Order) (emphasis added). But no such hearing occurs at Lew Sterrett. Rather, the 15.17 hearing *is* the individualized assessment. While the Court's Preliminary Injunction contains some ambiguity (likely the result of a specific Harris County practice that does not occur in Dallas County),

Dallas County has sought clarification on this point. (ECF No. 172.)[5] Perhaps once the Court clarifies that only one appearance before a Magistrate Judge is necessary, so long as that appearance provides notice, an opportunity to be heard, and an impartial decision maker, maybe then the question of providing Public Defenders can be revisited.

### Conclusion

Dallas County respectfully requests that the Court grant it a two-week extension to comply fully with Paragraphs 2 and 3 of the Court's Preliminary Injunction.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Philip J. Morgan
Texas Bar No. 24069008
phil.morgan@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

ATTORNEYS FOR
DALLAS COUNTY

---

[5] The Plaintiffs agreed that only one appearance before a Magistrate Judge is necessary, so long as that hearing meets the requirements of an individualized assessment of bail. But the parties could not reach a consensus as to precise language modifying the order.

**Certificate of Conference**

I certify that I conferred with Plaintiffs' counsel about the relief requested and they are unopposed because during the shifts at issue the Magistrate Judges can and will provide the functional equivalent of what was required by Paragraphs 2 and 3 of the Court's order.

*/s/ Philip J. Morgan*
Philip J. Morgan

**Certificate of Service**

I certify that on the 17th day of January, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Philip J. Morgan*
Philip J. Morgan