IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON DAVES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action |
| ) | Case No. 3:18-cv-00154 |
| v. ) | |
| ) | |
| DALLAS COUNTY, TEXAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### Misdemeanor Judges' Request for Clarification of the Court's Preliminary Injunction

Defendants Dan Patterson, Julia Hayes, Doug Skemp*, Nancy Mulder, Lisa Green, Angela King, Elizabeth Crowder*, Tina Yoo Clinton*, Peggy Hoffman, Roberto Canas, Jr.*, and Shequitta Kelly (collectively, "Misdemeanor Judges"), seek clarification concerning the Court's Preliminary Injunction.[1]

The Court's Preliminary Injunction states that arrestees must be provided an "individual assessment" of bail, and, if at that hearing "the decision-maker declines to lower bail from the prescheduled amount to an amount the arrestee is able to pay, or impose an alternative condition of release . . . then the County must provide the arrestee with a formal adversarial bail review hearing before a Misdemeanor or Felony Judge." (ECF No. 165, ¶ 8.) The Misdemeanor Judges request clarification regarding two aspects of the "adversarial bail review hearing."

- *Must an adversarial bail review hearing be held automatically, or available upon request?*

There will be cases in which the Magistrate Judge determines, even after a thorough individualized assessment of bail, that secured money bail is what constitutes sufficient surety

---

[1] Judges Skemp, Crowder, Clinton, and Canas are no longer in office as of January 1, 2019.

under Texas law. *See ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147, 158 (5th Cir. 2018) (discussing that the Texas Constitution "creates a right to bail on 'sufficient sureties'"). And there will also be instances where the accused cannot afford that bail. The fact that the accused cannot afford bail does not necessarily mean that the Magistrate Judge erred or that the bail setting is unfair, unreasonable, or excessive. *See, e.g.*, *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[A] defendant's inability to afford bail does not, in itself, demonstrate that bail is excessive . . ."); *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, writ ref'd) ("If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be.").

Per the Court's injunction, when the accused remains in jail on an unaffordable bail, the accused is entitled to an "adversarial bail review hearing." (ECF No. 165.) The question is whether this hearing must be automatically held, regardless of whether the accused or his counsel believes such a hearing would be beneficial, or whether the hearing must only be made available upon request.

Numerous scenarios could render an adversarial bail review hearing unnecessary. In Dallas County, upon request and proper showing, defense counsel is appointed the business day after the magistration hearing. In cases where counsel (either appointed or retained) assesses the facts of the case, the circumstances of the accused, etc., and, after consultation with her client, decides not to challenge the bail set by the Magistrate Judge (either because they believe it is fair and reasonable, because they believe new information would result in an increase in bail, or where the accused makes an informed choice to plead for time served and does not desire to have bail revisited), it would be a waste of resources to hold a bail review hearing.

Accordingly, the Misdemeanor Judges request clarification as to whether an adversarial bail review hearing must be provided in every case in which an unaffordable bail is set by the Magistrate Judge, regardless of whether the accused desires such a hearing, or whether these hearings must be held upon request of defense counsel.[2]

- *Can a Magistrate Judge or visiting judge conduct the adversarial bail review hearing?*

The Court's order states that the adversarial bail review hearing will be "before a Misdemeanor or Felony Judge." (ECF No. 165.) The Misdemeanor Judges request clarification on whether the hearing may be delegated to a Magistrate Judge or visiting judge.

In anticipation of the deadline to implement the Court's preliminary injunction, the Misdemeanor Judges have begun holding regular adversarial bail review hearings. The increased workload of conducting these hearings is substantial and, due to caseloads, may result in delay either of the bail review hearing or other matters pending in the criminal courts

The law allows Misdemeanor Judges to appoint delegates to assist. For example, it is common practice for the Misdemeanor Judges to have a visiting judge to cover dockets in certain situations. Likewise, Chapter 54 of the Texas Government Code allows for Magistrate Judges in Dallas County to handle a variety of matters to help ease the heavy workload of the elected judges.

The purpose of the adversarial bail review hearing is to serve as a check on the initial bail decision and to consider additional information that might not have been available when the initial bail decision was made. There is nothing unique about this hearing that would prohibit the Misdemeanor Judges from having a Magistrate Judge or visiting judge handle the hearing.

---

[2] Until the Court provides clarification, the Misdemeanor Judges will be erring on the side of caution and automatically scheduling adversarial bail review hearings, regardless of whether the accused or counsel believe such a hearing to be beneficial.

Moreover, if only an elected Misdemeanor Judge may conduct an adversarial bail review hearing, it may not be possible to keep up with the volume of cases. There will also be times when the bail review hearing will be delayed because the judge is unavailable, which, in turn, could delay the accused's release.

Accordingly, the Misdemeanor Judges request clarification as to whether they may appoint a Magistrate Judge or a visiting judge to conduct the adversarial bail review hearing.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Philip J. Morgan
Texas Bar No. 24069008
phil.morgan@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

ATTORNEYS FOR DAN PATTERSON, JULIA HAYES, DOUG SKEMP, NANCY MULDER, LISA GREEN, ANGELA KING, ELIZABETH CROWDER, TINA YOO CLINTON, PEGGY HOFFMAN, ROBERTO CANAS, JR., AND SHEQUITTA KELLY

**Certificate of Service**

I certify that on the 18th day of January, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Philip J. Morgan*
Philip J. Morgan