IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

|  |  |  |
|---|---|---|
| SHANNON DAVES, *et al.*, | ) | |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) | |
| | ) | |
| FAITH IN TEXAS, TEXAS ORGANIZING PROJECT, | ) | |
| | ) | |
| On behalf of themselves, | ) | Case No. 3:18-cv-154 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DALLAS COUNTY, TEXAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR CLARIFICATION

The Plaintiffs and County Defendants (the "Parties") submitted requests for modification

or clarification of the Preliminary Injunction ("the Order"), ECF No. 165. (ECF No. 168, 169, 172,

and 188.) After conferring on these requests, the Parties agree that the Court is within its power to

offer the following clarifications to the Order. The Parties agree that these clarifications further the

purpose of the Order, do not substantially alter the relationship of the parties, and will not disturb

the currently pending appeal. *See See Sierra Club, Lone Star Chapter v. Cedar Point Oil. Co., Inc.*,

73 F.3d 546 (5th Cir. 1996); *Morales Feliciano v. Rullan*, 303 F.3d 1, 6-7 (1st Cir. 2002). The

Parties respectfully move jointly for the following clarifications:

- A Public Defender may verify an arrestee's ability to pay and explain to an arrestee the nature and significance of the verification process as required in Paragraph 2.

- If the Public Defender is the one offering the affidavit, as required in Paragraph 2, then a Public Defender may deliver the completed affidavit to the Sheriff as required by Paragraph 3.

- The "probable cause" hearing in Paragraph 3 is the same as the hearing described in the Court's Memorandum Opinion (ECF No. 164) in finding 2.3 (i.e., the "hearing that is locally referred to as an arraignment" or magistration).

- The following language, agreed to by the Parties, provides the "notice due process requires," as ordered in Paragraph 3:

  > I am [First Name] from Dallas County Pretrial Services / the Public Defender's Office. I am here to interview you and report your answers to the Court. What you tell me will be used to make decisions about your release from jail. I will ask you to provide financial information which will be used to decide whether a lawyer will be appointed in your defense. Also, you will need to state the amount of money that you can afford to pay for a bond within 24 hours of your arrest. This amount includes any money you may have and can obtain from family and friends while you are in jail. I will then also ask you to sign a paper with the financial information that you provided. Your answers must be truthful under penalty of law. False answers may be used against you. The information will be shared with the Court, the District Attorney and possibly other agencies. You may refuse to complete the interview, provide me with the financial information, or both. Do you agree to go forward with both the interview and providing financial information?

- Defendants are compliant with Paragraph 8 of the Order if they provide one appearance before a Magistrate Judge within 48-hours of arrest, so long as that appearance meets the requirements of an individualized assessment of bail as described in the Court's Order ("the individualized assessment").

- Defendants are compliant with Paragraph 8 of the Order if bond is denied in accordance with section 11a, 11b, and 11c of the Texas Constitution after providing an arrestee with the individualized assessment.

- In misdemeanor cases, a visiting judge or Magistrate Judge can conduct a formal adversarial bail review hearing as described in Paragraph 8 of the Order if (i) it is a different judge than the one who initially set the bail; (ii) the visiting judge or Magistrate Judge is vested with the same powers and authority as the Misdemeanor Judges regarding bail (including release on non-financial conditions); and (iii) the visiting judge or Magistrate Judge receives training on the risk assessment tool in use and the capabilities of Pretrial Services.

- The County will copy Plaintiffs' counsel when it makes its weekly report to the district court as required under Paragraph 10 of the Order.

- The purpose of Paragraph 12, relating to limitations periods for holds, can be achieved if arrestees are allowed to move to have the bail deemed satisfied, which would place the defendant in the Dallas County case on bond, subject to return to Dallas County if the conditions of release are not actually satisfied pending resolution of the case in another jurisdiction.

- Paragraph 13, and particularly the statement that "under Article 16.22, nothing in this order prevents the misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation" applies to both felony and misdemeanor arrestees.

Respectfully Submitted,

/s/ *Elizabeth Rossi*
Elizabeth Rossi (*Pro Hac Vice*)
D.C. Bar No. 1500502
Alec Karakatsanis (*Pro Hac Vice*)
D.C. Bar No. 999294
A. Dami Animashaun[**] (*Pro Hac Vice*)
N.Y. Bar No. 5552849
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: (202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org
alec@civilrightscorps.org
dami@civilrightscorps.org

/s/ *Kali Cohn*
Kali Cohn
Texas Bar. No. 24092265
ACLU Foundation of Texas
6440 N. Central Expressway
Dallas, TX 75206
Tel: (214) 346-6577
Fax: (713) 942-8966
kcohn@aclutx.org

/s/ *Trisha Trigilio/*
Trisha Trigilio
24075179
Andre Segura
Texas Bar No. 24107112
ACLU Foundation of Texas
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146
Fax: (713) 942-8966
ttrigilio@aclutx.org
asegura@aclutx.org

/s/ *Andrea Woods*
Andrea Woods (*Pro Hac Vice*)
Washington Bar Number: 48265
Brandon J. Buskey (Pro Hac Vice)
Alabama Bar Number: ASB-2753-A50B
ACLU Foundation
Criminal Law Reform Project
New York, NY 10004
Tel: (212) 284-7364
Fax: (212) 549-2654
awoods@aclu.org
bbuskey@aclu.org

s/ *Susanne Pringle*
Susanne Pringle
Texas Bar No. 24083686
Emily Gerrick

---

[**] Admitted solely to practice law in New York; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49.

Texas Bar No. 24092417
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 108
Austin, Texas 78752
Tel: (512) 637-5220
Fax: (512) 637-5224
springle@fairdefense.org
egerrick@fairdefense.org

*Attorneys for Plaintiffs*

**HUSCH BLACKWELL LLP**
*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Philip J. Morgan
Texas Bar No. 24069008
phil.morgan@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
1800 Bering, Suite 750
Houston, Texas 77057
Tel: 713.525.6200
Fax: 713.647.6884

ATTORNEYS FOR DALLAS COUNTY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/Kali Cohn*
Kali Cohn


## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs, represented by A. Dami Animashaun, Susanne Pringle, and Kali Cohn, and Defendants, represented by Katharine David, Phil Morgan, and Eric Hudson, conferred about the contents of this Motion via phone conference on January 31, 2019. During the telephonic conference, counsel for the Felony Judges declined to take a position on this Motion; however, the Parties direct the Court to the Felony Judges' Bench Memorandum, ECF No. 193, which argues that the Court does not have jurisdiction to clarify the injunction.

*/s/Kali Cohn*
Kali Cohn