## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| SHANNON DAVES, *et al*., | ) |
| | ) |
| On behalf of themselves and all | ) |
| others similarly situated, | ) |
| | ) |
| FAITH IN TEXAS, | ) |
| TEXAS ORGANIZING PROJECT, | ) |
| | ) |
| On behalf of themselves, | )   Case No. 3:18-cv-154 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DALLAS COUNTY, TEXAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PARTIES' RULE 26(f) JOINT SCHEDULING REPORT

All Parties to this case, having met and conferred via telephone February 25, 2019 and March 18, 2019, hereby submit this Joint Report pursuant to Fed. R. Civ. P. 26(f).

I.      **Participants in the Planning Meeting:**

The initial planning meeting took place telephonically on February 25, 2019. The following individuals participated: Dami Animashaun and Kali Cohn participated on behalf of the Plaintiffs; Kate David and Phil Morgan participated on behalf of the County Defendants, and Eric Hudson participated on behalf of the Criminal District Court Judges ("Felony Judges"). A follow-up planning meeting took place on March 18, 2019. The following individuals participated: Dami Animashaun, Kali Cohn, Elizabeth Rossi, and Andrea Woods on behalf of the Plaintiffs; Kate

David and Phil Morgan on behalf of the County Defendants, and Eric Hudson on behalf of the Felony Judges.

## II.      Summary of the Factual and Legal Contentions

### A.   Plaintiffs' Factual and Legal Contentions

Each Plaintiff was arrested in January 2018 and taken to the Dallas County Jail, where each appeared before a magistrate, in a room at the jail that is closed to the public. The magistrate informed them of the charges and the money bail amount required for release pursuant to the County's bail schedules. Plaintiffs were told by Sheriff's Deputies not to speak. The hearings each lasted less than 60 seconds and, pursuant to Dallas County's operative policies and practices, no inquiry was made into any Plaintiff's ability to pay, nor was there any consideration of alternative, non-financial conditions of release. All of the named Plaintiffs struggle to meet the basic necessities of life, including shelter, food, medical care, and clothing, and, when they filed this lawsuit, each of them was detained in a jail cell because she could not afford to pay the predetermined amount of money required by the County's bail schedules. Defendants have failed to justify the automatic wealth-based detention of people who cannot afford to pay secured money bail. They do not consider alternatives to money bail and do not make any findings concerning ability to pay or the need for detention in light of less-restrictive alternatives.

Because an order to pay unattainable bail is the functional equivalent of a detention order, it must be justified by the same substantive findings and procedural protections that are required to justify transparent detention. Defendants violate equal protection and due process by enforcing secured money bail amounts against the Plaintiff class without justifying the de facto orders of detention. The Sheriff and the County violate the First Amendment by conducting the bail hearings

2

in the jail and prohibiting Plaintiffs Faith in Texas and Texas Organizing Project from observing the hearings in person. The County's efforts to establish a live feed in the jail lobby have not been fully successful in that the live feed is not always viewable and/or audible. In any event, the existence of a live feed does not moot Plaintiffs' First Amendment claim.

   B.   County Defendants' Factual and Legal Contentions

The County Defendants collectively contend that the post-arrest system is constitutional. Arrestees are provided "notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decisionmaker." *See ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147, 165 (5th Cir. 2018). No further "substantive findings" are required. Moreover, to the extent that any changes have been made to the post-arrest system during the pendency of this lawsuit, these changes were done voluntarily to provide the fairest, most just system possible and to ensure compliance with the *ODonnell* opinion. These changes were not made as a result of this lawsuit.

Furthermore, Dallas County contends that the policies at issue in this case do not represent Dallas County policy, and, as such, Dallas County is not a proper party under § 1983.

The Misdemeanor Judges contend that the District Judges hire, fire, train, supervise, and are ultimately responsible for the Magistrate Judges, and, as such, the Misdemeanor Judges are not final policymakers for policies or customs relating to magistration. The Misdemeanor Judges further contend that their practices relating to the handling of cases in their individual courts were and are fully compliant with the Constitution.

The Magistrate Judges contend that they provide each arrestee with an individual consideration of bail and conditions of release and that their practices provide all the required

process.

The Sheriff is not a proper to this suit in any capacity. The policies and practices at issue are not promulgated by the Sheriff.

Finally, Plaintiffs' First Amendment claim is moot. The public can now view the magistration hearings in the lobby of Lew Sterrett.

### C.   Criminal District Court Judges' Factual and Legal Contentions

Bail schedules are rationally related to the needs of assuring the presence of persons charged and protecting public safety. *See Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978); *Walker v. City of Calhoun*, 901 F.3d 1245 (11th Cir. 2018). To the extent that Dallas County Magistrate Judges set bail in Texas Code of Criminal Procedure article 15.17 hearings, the magistrates are acting pursuant to Chapter 2 of the Texas Code of Criminal Procedure, and no felony judges have authority to review the bail set by the magistrates until an act invoking the jurisdiction of the felony judges occurs.

Further, the Dallas County Magistrate Judges currently operate a constitutional post-arrest system pursuant to policies adopted by the Dallas County Commissioner's Court that provide "notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decisionmaker." *See ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147, 165 (5th Cir. 2018).

The Felony Judges are not County-level policymakers.

Because the Felony Judges are not proper defendants in their individual capacities, complaints seeking injunctive or declaratory relief in their individual capacity raise jurisdictional and practical problems grave enough to warrant dismissal.

Because Plaintiffs have not demonstrated state-level exhaustion and have filed this lawsuit to challenge their conditions of confinement by the County pursuant to § 1983, Plaintiffs' claims against the Felony Judges cannot stand.

### III.   Summary of Undisputed and Disputed Legal Issues

      D.  Undisputed Legal Issues

Venue is proper.

      E.  Disputed Legal Issues

All legal issues except Venue are disputed.

### IV.   Status of All Matters Presently Set Before the Court

Pending before the Court are the following motions:

1. Defendant Dallas County's Motion to Dismiss (Dkt. 28)

2. Defendant Marian Brown's Motion to Dismiss (Dkt. 29)

3. Misdemeanor Judicial Defendants' Motion to Dismiss (Dkt. 30)

4. Criminal District Court Magistrate Defendants' Motion to Dismiss (Dkt. 33)

5. Felony Judicial Defendants' Motion to Dismiss (Dkt. 41)

6. Felony Judicial Defendants' Motion to Dismiss (Dkt. 87)

On September 20, 2018, the District Court granted Plaintiffs' motions for a Preliminary Injunction (Dkt. 164, 165) and for class certification (Dkt. 166). The Parties all filed Notices of Appeal. Plaintiffs-Appellants filed their appellate brief on January 23, 2019. Defendants-Appellees-Cross-Appellants' briefs are due on March 29, 2019. The preliminary injunction took effect on January 16, 2019.

### V.   Discovery Plan

Defendants' Position: Discovery should be limited during the pendency of the appeal to issues related to compliance with the injunction. Likewise, other deadlines should be tied to resolution of the appeal, such as the dispositive motion deadline and expert designation deadline. By agreeing to the deadlines in this report, the Defendants reserve the right to object to extensive discovery unrelated to the compliance with the injunction until the currently pending appeal is fully resolved.

Plaintiffs' Position: "Notwithstanding the pendency of an interlocutory appeal, the litigation usually proceeds as scheduled through discovery and other pretrial steps toward trial." Manual for Complex Litigation § 15.12 (2004). Indeed, at the request of the Parties, this Court has noted that it did not have any concerns with the Parties proceeding with discovery during the pendency of the appeal.[1] Any objection by Defendants on grounds that that the request is unrelated to compliance with the injunction while the appeal is pending would be meritless, delay proceedings, and waste time.

Subject to Defendants' Position above, the parties agree to the following:

A.  DISCLOSURES: Rule 26(a)(1) disclosures must be made within 14 days of the Rule 26(f) conference, on **April 8, 2019**.

B.  CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: Approximately

---

[1] *See* Hr'g on Mot.to Modify or Clarify Order for Prelim. Inj. Tr. 31:1–12 (Ms. DAVID: And then the only other thing I wanted to bring up on the discovery is, I think part of the reason that there's been some issues is because we were waiting to have the Rule 26(f) conference until after the rulings on the motions to dismiss. *Do you have any concern with us going forward while we're waiting on the Fifth Circuit? THE COURT: No, no. By all means*. MS. DAVID: Okay. THE COURT: My -- some litigants appear to me to believe that the pendency of a motion to dismiss automatically stays a case, and I've looked and I don't see anything that says that, so by all means press on. (emphasis added)).

fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

C.  FACT DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **February 15, 2020.** Written discovery shall be served no later than **November 15, 2019**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

D.  DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **April 15, 2020.** The defendants shall identify and disclose all expert witnesses and reports on or before **May 15, 2020.** Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(6.d). Expert depositions shall be completed by **June 30, 2020.**

E.  DISCOVERY DISPUTES: No discovery disputes may be brought to the Court for

resolution before counsel for all parties to the dispute have made a good faith effort to resolve any disputes(s). Discovery disputes that cannot be resolved after the meet and confer should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. In connection with any discovery conference or discovery motion, each party shall file a brief statement of the issues to be decided and shall certify that the Parties made a good faith effort to resolve the dispute.

F.  DISPOSITIVE MOTIONS: Dispositive motions shall be filed by no later than **July 30, 2020**. Responses to dispositive motions shall be filed within 30 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 15 pages.

G.  ELECTRONIC DISCOVERY: The parties discussed production format for any electronic discovery. On **March 25, 2019**, Plaintiffs provided a draft ESI Agreement to Defendants. Defendants are considering the proposed ESI Agreement and will either consent to the proposed agreement or provide modified language to the proposed agreement by **April 15, 2019**.

H.  MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline, absent good cause. Unless a joint motion, the motion for modification must include a statement

8

confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will preserve a minimum of 90 days between completion of briefing on dispositive motions (including response and reply briefs) and the trial date. Motions for extensions should also detail the moving party's efforts to diligently comply with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

I.   REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed that are not expressly permitted by a statue or rule to be filed under seal, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section III. A of this District's ECF Administrative Procedures Manual and Local Rule 79.3.

J.   PRETRIAL MOTIONS: The Parties must file any pretrial motions on or before **April 15, 2021**.

K.   ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The NONJURY trial of this action is expected to last approximately 10 days. A trial date no later than

**June 15, 2021** is respectfully requested.

**VI.    Changes to Limitations on Discovery**

A.    DEPOSITIONS:

Plaintiffs' Position: Plaintiffs will need to notice and take more than the presumptive limit of 10 depositions imposed by the Federal Rules of Civil Procedures and request permission to notice and take 20 depositions in light of the number of Defendants and the size of the Dallas County system. If Plaintiffs need to take and notice more than 20 depositions, they the parties will attempt to stipulate to additional depositions at the time such a need arises. If the parties cannot reach an agreement, Plaintiffs will seek leave of court to do so.

Defendants' Position: If any party needs to notice and take more depositions than the Federal Rules authorize, the parties will attempt to stipulate to additional depositions at the time such a need arises. If the parties cannot reach an agreement, the party seeking to notice and take additional depositions will seek leave of court to do so.

B. INTERROGATORIES AND OTHER DISCOVERY MATTERS:

Plaintiffs believe the limitation of twenty-five (25) interrogatories per party, where Dallas County; the Dallas County Sheriff, Marian Brown; the Magistrate Judges; the Felony Judges; and the Misdemeanor Judges are distinct parties, is proportional to the needs of the case because this litigation involves a challenge to a county-wide manner of processing individuals who are detained post-arrest and pre-trial.

The parties agree that written discovery shall be served and responded to in accordance with the Federal Rules of Civil Procedure but that each party will bear the up-front costs for copying documents produced under Fed. R. Civ. P. 34, and/or in response to any subpoena.

10

In addition to the service requirements pursuant to the Federal Rules of Civil Procedure, each party agrees to provide the other party a courtesy copy an electronic version of discovery requests and responses at the time they serve hard copies. The electronic versions shall be provided on a CD/DVD or by electronic mail in Microsoft Word format.

### VII.   Subjects of Discovery

All factual issues are subjects of discovery.

### VIII.   Settlement Procedure

The Parties' attempts to negotiate an agreed resolution of this case have so far been unsuccessful. Regarding the bail claim, Plaintiffs have made several written settlement offers to Defendants and have requested in-person settlement discussions.

Regarding Plaintiffs' First Amendment claim, counsel for Plaintiffs conveyed a written settlement proposal in July 2018 to counsel for the County and the Sheriff and followed up to discuss it in August 2018. The County and Sheriff did not respond in writing. Plaintiffs remain willing and available to speak with Defendants and their counsel, and believe that mediation would assist the Parties in reaching a resolution.

### IX.   Proposals Regarding Severance, Bifurcation, or other Ordering of Proof

Neither party proposes severance, bifurcation, or other ordering of proof at this time.

Dated: April 5, 2019

Respectfully Submitted,

*/s/ Elizabeth Rossi*
Elizabeth Rossi (*Pro Hac Vice*)
D.C. Bar No. 1500502
Alec Karakatsanis (*Pro Hac Vice*)
D.C. Bar No. 1614199

*/s/ Trisha Trigilio/*
Trisha Trigilio
Texas Bar No. 24075179
Andre Segura
N.Y. Bar No. 5021647

A. Dami Animashaun (*Pro Hac Vice*)
D.C. Bar No. 5552849
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: (202) 599-0953
Fax: (202) 609-8030
elizabeth@civilrightscorps.org
alec@civilrightscorps.org
dami@civilrightscorps.org

/s/ *Kali Cohn*
Kali Cohn
Texas Bar. No. 24092265
ACLU Foundation of Texas
N.Y. Bar No. 5021647
ACLU Foundation of Texas
6440 N. Central Expressway
Dallas, TX 75206
Tel: (214) 346-6577
Fax: (713) 942-8966
kcohn@aclutx.org

s/ *Susanne Pringle*
Susanne Pringle
Texas Bar No. 24083686
Emily Gerrick
Texas Bar No. 24092417
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 108
Austin, Texas 78752
Tel: (512) 637-5220
Fax: (512) 637-5224
springle@fairdefense.org
egerrick@fairdefense.org

*Attorneys for Plaintiffs*

/s/  *Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Philip J. Morgan

ACLU Foundation of Texas
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146
Fax: (713) 942-8966
ttrigilio@aclutx.org
asegura@aclutx.org

/s/ *Andrea Woods*
Andrea Woods (*Pro Hac Vice*)
Washington Bar Number: 48265
Brandon J. Buskey (*Pro Hac Vice*)
Alabama Bar Number: ASB-2753-A50B
ACLU Foundation
Criminal Law Reform Project
New York, NY 10004
Tel: (212) 284-7364
Fax: (212) 549-2654
awoods@aclu.org
bbuskey@aclu.org

Texas Bar No. 24069008
phil.morgan@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

*Attorneys for Dallas County Defendants*

**KEN PAXTON**
Attorney General of Texas

**JEFFEREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**AMANDA J. COCHRAN-MCCALL**
Acting Chief - General Litigation Division

__/s/ *Eric A. Hudson*_____
**Eric A. Hudson**
Attorney-in-Charge
Texas Bar No. 24059977
**ENRIQUE M. VARELA**
Texas Bar No. 24043971
Assistant Attorneys General
General Litigation Division
Office of the Attorney General – 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-4058
(512) 320-0667 FAX
eric.hudson@oag.texas.gov
enrique.varela@oag.texas.gov
*Attorneys for the Defendants Felony Judges*

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5th day of April, 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/ A. Dami Animashaun*
A.  Dami Animashaun
