IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON DAVES, *et al.* **Plaintiffs,** v. DALLAS COUNTY, TEXAS, *et al.*, **Defendants.** | Civil Action No. 3:18-cv-00154 |

**DALLAS COUNTY CRIMINAL DISTRICT COURT JUDGES'
RESPONSE AND BRIEF IN OPPOSITION [DKT. NO. 206]**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE DAVID C. GODBEY:

Dallas County recently moved this Court to order the parties to mediate. Because this Court lacks jurisdiction to enter an order requiring mediation that could upend the status quo under the injunction and deprive the United States Court of Appeals for the Fifth Circuit of a live controversy, the Court should deny the motion. Even if this Court has jurisdiction, however, Dallas County's request is premature because of the posture of this litigation and the immunity issues at stake on appeal, and therefore, it should be denied.

**I. Jurisdictional limitations do not favor granting Dallas County's request.**

This Court has already addressed jurisdictional limitations while the injunction remains pending before the Fifth Circuit. *See, e.g.*, Dkt. No. 196 (electronic filing only). Specifically, the parties previously briefed and argued at the Court's request whether it

has continuing jurisdiction to amend its injunction pending appeal. *See* Dkt. Nos. 192, 193, Ultimately, this Court denied the motions to amend based on a lack of jurisdiction. Dkt. No. 196.

The reasons for denying the previous motions to amend apply with equal force to the request for mediation. "Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578 (5th Cir. 1996). As a result, under well-established Fifth Circuit precedent, "[w]hile the validity of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo.'" *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008).

Here, the County invites the Court to order mediation and direct the parties to bring along decision makers. For obvious reasons, such an order could upend the status quo and deprive the Fifth Circuit of a live controversy. That goes well beyond "maintaining the status quo" pending the Fifth Circuit's ruling.

While the Felony Judges agree that it is typically in a district court's discretion to compel mediation, *see, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 559 n. 1 (1988), this Court would abuse its discretion by requiring the parties to participate in a mediation that could end the status quo and impact the ability of the Fifth Circuit to review the preliminary injunction.

## II. Alternatively, Mediation is premature.

The County writes that it is following the preliminary injunction, and that compliance coupled with permanent changes leave little to discuss.[1] The County's position ignores that the injunction is currently under review by the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit appeal includes, among other things, a challenge to this Court's finding that the Felony Judges are policy makers and that the Eleventh Amendment to the United States Constitution bars this suit against the Felony Judges, who are state actors, not County officials.

This Court should, at a minimum, not take action that would prevent the Fifth Circuit from examining the Eleventh Amendment question pending on appeal. *See, e.g., Bouchard Transp. Co. v. Florida Dept. of Envtl. Prot.*, 91 F.3d 1445, 1449 (11th Cir. 1996) (holding that a district court's order reserving immunity questions and ordering parties to mediate amounted to an abuse of discretion).

Because of the posture of this case and the immunity issues at stake, mediation is premature. *See Pieczenik v. Bayer Corp.*, 474 Fed. App'x 766, 773 (Fed. Cir. 2012) (affirming decision to deny mediation order as premature based on the posture of the case); *see also DeepGulf, Inc. v. Moszkowski*, No. 3:18-CV-1466-MCR/MJF, 2019 WL 1751876, at *9–10 (N.D. Fla. Jan. 30, 2019) (denying order to compel mediation as premature).

---

[1] The County makes no effort to explain why the County and Plaintiffs cannot mediate without court intervention, or provide any instance where a court has compelled a defendant to mediate at the request of a co-defendant.

## CONCLUSION

Because Dallas County's request is premature and runs into jurisdictional limitations, Dallas County's request should be denied.

**Dated:** June 13, 2019.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**ERIC A. HUDSON**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24059977

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 457-4654

**ATTORNEYS FOR DEFENDANTS DALLAS COUNTY FELONY JUDGES**

NOTICE OF ELECTRONIC FILING

I hereby certify that I have electronically submitted for filing, a copy of the above and foregoing in accordance with the Electronic Case Files System of the Northern District of Texas on the 13th day of June 2019.

    /s/ *Eric A. Hudson*
**ERIC A. HUDSON**
Assistant Attorney General