IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | Case No. 3:18-cv-00154 |
| DALLAS COUNTY, TEXAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DALLAS COUNTY'S REPLY IN SUPPORT OF
### OPPOSED MOTION FOR COURT-ORDERED MEDIATION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Dallas County, Texas ("Dallas County") and files this its Reply in Support of Motion for Court-Ordered Mediation.

### I.   Mediation would not disrupt the status quo.

The Felony Judges do not disagree that it is within the Court's discretion to compel the parties to mediation. They instead suggest that mediation is inappropriate because the Court lacks jurisdiction to disrupt the status quo while the preliminary injunction is pending on appeal. Mediation could only "disrupt the status quo" if the parties agreed to settle all or part of the case, thereby ending the litigation entirely.[1] The Felony Judges do not explain how ordering the parties to mediate—which the parties could undertake voluntarily if all were in agreement—equates to ordering the parties to settle.

---

[1] Settlement of even part of the case at this stage would have significant benefits for all parties and the courts. *See* Lance Caughfield, *Pros and Cons of Post-Judgment Mediation in lieu of Pre-Judgment Settlement*, DALLAS BAR ASSOCIATION, (June 23, 2017, 9:36 AM), https://www.dallasbar.org/book-page/pros-cons-post-judgment-mediation-lieu-pre-judgment-settlement.

1

All parties are unopposed to mediation, with the exception of the Felony Judges. Of course, any potential settlement between all parties could not happen without their consent. If the Felony Judges are concerned that mediation would "end the status quo" and prevent the Fifth Circuit from ruling on the pending appeal, it is entirely within their power to prevent that outcome by refusing to settle on terms which do not resolve all their concerns.[2]

Dallas County simply requests that the Court order the Felony Judges to join the other parties at the table. The Felony Judges do not explain how a confidential discussion of the issues in this case would harm their interests, and Dallas County believes that a lack of open and honest communication will continue to prolong the case and generate costs for all parties.

The Felony Judges cite no authority to support the proposition that ordering parties to discuss a settlement constitutes an impermissible disruption of the status quo. Although the Court may be in some instances divested of jurisdiction over "the judgment or order that is the subject of the appeal," *see Sierra Club v. Cedar Point Oil Co., Inc.,* 73 F.3d 546, 578 (5th Cir.1996), an order compelling mediation has nothing to do with amending, modifying, or in any other way concerning the order of preliminary injunction. *See Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot*, 91 F.3d 1445, 1448 (11th Cir. 1996) (holding an order of mediation involves the district court's supervision of litigation). To the contrary, an order compelling mediation would simply put the parties in the same room to discuss an agreement to expeditiously resolve the lawsuit—an outcome that would benefit all parties and the public interest, conserve judicial resources, and save time and future expense.

---

[2] Because the Court has already found the Felony Judges to be proper parties, their presence must be required at mediation.

### II. The pending appeal of this Court's ruling on the Felony Judges' Eleventh Amendment immunity is not an absolute bar to mediation.

None of the cases cited by the Felony Judges require this Court to conclude that mediation is "premature" due to the pending question of Eleventh Amendment immunity. In *Bouchard*, the district court declined to rule on whether a state agency was entitled to Eleventh Amendment immunity, and instead reserved its ruling and ordered the agency to mediation. *See Bouchard* 91 F.3d 1445 at 1449. The Eleventh Circuit found that Eleventh Amendment immunity was a "threshold issue" that should be addressed early in the litigation, and held that the district court's failure to address the question at all, and instead order mediation, was error. *Id.* at 1448-49.

The disregard of a threshold legal question attributable to the court in *Bouchard* is not present here. This Court has already considered—and rejected—the "threshold issue" of Eleventh Immunity, and has found the Felony Judges to be proper defendants under Section 1983. *See* Dkt. No. 164, Memorandum Opinion and Order. That legal question is before the Fifth Circuit, which may affirm or deny this Court's decision. But ordering the Felony Judges to participate in mediation has no impact on the Felony Judges' appeal, unless the case settles with the Felony Judges' agreement (at which point the question of their immunity would be moot).

The Felony Judges' other cases are equally inapposite. In *Pieczenik*, a *pro se* plaintiff sued eighty-eight corporate defendants alleging patent infringement and RICO violations. *Pieczenik v. Bayer Corp.*, 474 Fed. App'x 766 (Fed. Cir. 2012). Before the district court could rule on various defendants' motions to dismiss, the plaintiff requested the district court to compel mediation by each of the defendants individually. The Federal Circuit correctly found that the district court did not abuse its discretion under these facts by declining to compel mediation. And in *DeepGulf*, the district court simply declined to order the parties to mediation at a specific time

3

and place before receiving an update from the parties on the scheduling of a mediation conference which the court had previously ordered. *DeepGulf, Inc. v. Moszkowski*, No. 3:18-CV-1466-MCR/MJF, 2019 WL 1751876, at *9-10 (N.D. Fla. Jan. 3, 2019).

## Conclusion

Mediation will simplify, not complicate, this case, and even if unsuccessful will likely clarify and streamline the issues remaining in this lawsuit. To better serve the parties and the public interest, Dallas County requests that the Court grant its motion to compel mediation.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

**COUNSEL FOR DALLAS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on June 27, 2019.

*/s/ Ben Stephens*
Ben Stephens