```
                    IN THE UNITED STATES DISTRICT COURT
 1                 FOR THE NORTHERN DISTRICT OF TEXAS
                             DALLAS DIVISION
 2
      DAVES, et al.,              )   Case No. 3:18-cv-00154-N
 3                                )
             Plaintiffs,          )   Dallas, Texas
 4                                )   July 27, 2018
      v.                          )   11:00 a.m.
 5                                )
      DALLAS COUNTY, TEXAS,       )   MOTIONS TO QUASH
 6    et al.,                     )   MOTION FOR PROTECTIVE ORDER
                                  )   MOTION FOR DISCOVERY
 7           Defendants.          )
      _____)
 8
                          TRANSCRIPT OF PROCEEDINGS
 9                BEFORE THE HONORABLE DAVID L. HORAN,
                    UNITED STATES MAGISTRATE JUDGE.
10
11    TELEPHONIC APPEARANCES:

12    For the Plaintiffs:         Trisha Trigilio
                                  AMERICAN CIVIL LIBERTIES UNION
13                                   FOUNDATION OF TEXAS
                                  P.O. Box 8306
14                                Houston, TX 77288-8306
                                  (713) 942-8146 x114
15
      For the Plaintiffs:         Elizabeth Rossi
16                                CIVIL RIGHTS CORPS
                                  1601 Connecticut Ave. NW,
17                                   Suite 800
                                  Washington, DC 20009
18                                (202) 894-6142

19    For the Felony Judge        Eric A. Hudson
      Defendants:                 Kelsey Warren
20                                Dominique G. Stafford
                                  OFFICE OF THE ATTORNEY GENERAL OF
21                                   TEXAS
                                  P.O. Box 12548
22                                Austin, TX 78711-2548
                                  (512) 463-2120
23
      For the Dallas County       Philip James Morgan
24    Defendants:                 HUSCH BLACKWELL, LLP
                                  600 Travis Street, Suite 2350
25                                Houston, TX 77002
                                  (713) 525-6262
```

```
 1    TELEPHONIC APPEARANCES, cont'd.:

 2    For the Dallas County        Peter L. Harlan
      Defendants:                  DALLAS COUNTY DISTRICT ATTORNEY'S
 3                                    OFFICE
                                   133 N. Riverfront Blvd., 11th
 4                                    Floor, Suite C4-2, LB 19
                                   Dallas, TX  75207
 5                                 (214) 653-3690

 6    Recorded by:                 Shakira K. Todd
                                   UNITED STATES DISTRICT COURT
 7                                 1100 Commerce Street, Room 1452
                                   Dallas, TX  75242-1003
 8                                 (214) 753-2165

 9    Transcribed by:              Kathy Rehling
                                   311 Paradise Cove
10                                 Shady Shores, TX  76208
                                   (972) 786-3063
11

12

13

14

15

16

17

18

19

20

21

22

23

24
             Proceedings recorded by electronic sound recording;
25               transcript produced by transcription service.
```

1            DALLAS, TEXAS - JULY 27, 2018 - 11:06 A.M.

2            THE COURT:  All right.  Well, good morning.  This is

3    Judge Horan.

4            MR. HARLAN:  Good morning, Judge.

5            THE COURT:  All right.  Of course, I'll say for the

6    record we're here for oral argument on the various pending

7    motions related to the Plaintiffs' request for limited

8    discovery in advance of the preliminary injunction hearing to

9    take place before Judge Godbey in this case, Case No. 3:18-cv-

10   154-N.

11       I think that Ms. Todd has just taken roll, but I guess,

12   just to make sure it's here on the record, why don't I ask you

13   all to make your appearances, starting with Plaintiffs?

14           MS. TRIGILIO:  Trisha Trigilio and Elizabeth Rossi

15   for the Plaintiffs, Your Honor.

16           THE COURT:  All right.  Good morning.

17           MS. TRIGILIO:  Good morning.

18           MR. HUDSON:  Eric Hudson, Kelsey Warren, Dominique

19   Stafford on behalf of the District Court Judges.

20           THE COURT:  Good morning.

21           MR. HUDSON:  Good morning, Your Honor.

22           MR. MORGAN:  Good morning.  Good morning, Your Honor.

23   Phil Morgan and Peter Harlan for Dallas County, the

24   Magistrates, and the Dallas County Criminal Judges.

25           THE COURT:  All right.  Good morning.  All right.

1   Well, let me say first I appreciate the unanimous proposal

2   that we do this by telephone.  I do think that is -- this is

3   going to be the most efficient.  I have carefully reviewed

4   everything that's been filed.  I guess I could go through and

5   enumerate the motions, but hopefully you all could just take

6   me at my word that I think I've covered everything that's on

7   the docket, beginning with the Plaintiffs' motion for --

8   seeking leave for limited discovery and then the -- I guess

9   the Defendants' various motions for protective order and the

10  individual defendants as well as Dallas County's motion to

11  quash.  Or I guess each of the individual defendants'.  As

12  well as, most recently, the most recent filing being the

13  Plaintiffs' reply for their motion for leave to seek limited

14  discovery filed yesterday in response to the Felony Judges'

15  motion for protective order and motion to quash.

16      So I really, I don't think it would be efficient or make

17  much sense for anyone to repeat anything that's in those

18  motions or response papers or replies.  I really have reviewed

19  all that and tried to digest it.  But if there's anything new

20  that's come up or any additional points that anyone wanted to

21  make before I, you know, make a decision and let you all know

22  my ruling on these matters, I'm happy to hear from you.

23              MR. HARLAN:  Good morning, Your Honor.

24              MS. TRIGILIO:  Good morning, Your Honor.

25              THE COURT:  Well, --

1          MS. TRIGILIO:  Your Honor, this is Trisha Trigilio.

2   One issue we would highlight that was not in our initial

3   moving papers but showed up in our reply yesterday is our

4   request for production of a limited amount of videos of

5   magistrations from January and then from July.  The Defendants

6   raised a question about whether they'd be complying with that

7   request in their opposition papers, and so we prefer to

8   address that today, just to iron out any issues that are going

9   to come up.

10          THE COURT:  Well, isn't that necessarily within the

11   scope of your request for limited discovery?  I mean, you

12   don't have the right to seek -- I mean, to serve requests for

13   production or document subpoenas prior to a 26(f) conference

14   any more than you do the depositions.  I mean, I -- well, I

15   mean, let me back up, Ms. Trigilio.  I did intend to address

16   that today, but I guess I just wanted to make sure that I

17   thought -- I would have thought that that was within the scope

18   of all of this in any event because it would -- you would need

19   to make a showing of good cause for that, to have

20   authorization to seek those documents anyways, unless I'm

21   missing something.

22          MS. TRIGILIO:  Thank you, Your Honor.

23          THE COURT:  I mean, do you disagree with that, or --

24          MS. TRIGILIO:  Oh.  No, Your Honor.  That's

25   absolutely correct.  We just wanted to make sure, since it

1    wasn't really a purpose of the initial motion, or frankly, of

2    the oppositions, that that was something that you're going to

3    address.  But it sounds like you are.

4         THE COURT:  Okay.  Very good.  Mr. Morgan or Mr.

5    Hudson on behalf of the Defendants?

6         MR. HUDSON:  Yes.  This is Eric Hudson, Your Honor.

7    We'll stand on our papers, in line with the Court's

8    representation that it's aware of everything.  We're not aware

9    of anything new aside from what's been previously filed.

10        THE COURT:  Okay.

11        MR. MORGAN:  Your Honor, Phil Morgan for Dallas

12   County Defendants.  We'll stand on our papers as well.

13        THE COURT:  Okay.  All right.  Well, let me start

14   first with the request for -- well, again, like I say, I mean,

15   I think the limited discovery that the Plaintiffs are asking

16   for leave to conduct in advance of the preliminary injunction

17   hearing is some number of depos and also the document -- well,

18   the requests for production specifically of videos or audio

19   recording of certain bail hearings.

20      Let me take up the request for leave to conduct

21   depositions first.  I -- well, the way it appears to me that

22   things stand with you all now is that Defendants are no longer

23   opposing the possibility of -- well, let me back up.  So, this

24   Monday, July 30th, is when Defendants, under Judge Godbey's

25   scheduling order, will file their declarations.  Judge Godbey

1    has provided that any declarants, both Plaintiffs and the

2    Defendants' declarants, will appear live at the hearing to --

3    at the -- in August and be subject to cross-examination, and

4    also the Plaintiffs will have the opportunity for reply

5    declarations in advance of that.  And, of course, any of those

6    reply declarants or rebuttal declarants would also be

7    available for cross-examination -- need to appear for cross-

8    examination at the hearing.

9        And as I understand it, that's the way that Judge Godbey

10   intended to conduct the preliminary injunction hearing.

11   There's various ways a district judge can choose to hold a

12   preliminary injunction hearing, but this is -- seems -- it

13   seems to be the way that he thought would make the most sense

14   and be the most efficient here.

15       So, as of Monday, anyways, three days from now, Plaintiffs

16   will know who the declarants are who will be available for

17   cross-examination on behalf of the Defendants come the

18   preliminary injunction hearing.

19       Unless I'm mistaken, but the most recent filings by all

20   parties seem to suggest that, whatever disagreement there may

21   have been, that Defendants are not opposing the possibility of

22   Plaintiffs subpoenaing any additional Dallas County

23   representative, or, I'm sorry, or representatives of the

24   various defendants or employees as adverse witnesses beyond

25   the declarants, but, you know, are -- have suggested that that

1    lack of opposition is subject to Plaintiffs seeking permission

2    from Judge Godbey to call, you know, for leave to call adverse

3    witnesses beyond the declarants.  You know, in essence, for

4    Judge Godbey to slightly modify the way that his order setting

5    the preliminary injunction hearing is set out, the process for

6    that hearing.

7         Do I have that part right?

8         MR. MORGAN:  Your Honor, this is Phil Morgan for

9    Dallas County, and I think that's a correct representation of

10   our position.  We're not sure if it's appropriate, but if

11   Judge Godbey obviously said that live adverse witnesses were

12   intended or allowed, we wouldn't oppose that.

13        THE COURT:  Okay.

14        MS. TRIGILIO:  Trisha Trigilio, Your Honor.  Your

15   Honor's description of the parties' positions seems correct to

16   us, although we would add, I'm sure (inaudible), that deposing

17   these witnesses in advance might obviate the need to subpoena

18   anyone for the hearing at all, as well as seeking these

19   depositions.

20        THE COURT:  Okay.  Well, so that takes me to that.

21   And I understand.  I understand that that's why Plaintiffs

22   have claimed that they're seeking these depositions and

23   explained that they hoped this would be more cost-effective or

24   efficient for everyone than seeking that leave from Judge

25   Godbey and having adverse witnesses need to be subpoenaed to

1   the hearing.

2        After considering everything, though, and considering the

3   way that Judge Godbey has set up the preliminary injunction

4   hearing, I just cannot find good cause to allow the

5   depositions.  I understand the Plaintiffs' position and the

6   reason that Plaintiffs are saying that they want to take these

7   depositions in advance, but while I don't -- it just seems to

8   me that, in some sense, you know, having this, you know,

9   rounds of these five, maybe eight, maybe ten, however many

10  depositions in advance, with, you know, a real question, it

11  seems to me, as to whether any of those deponents might still

12  not -- or whoever is their employer or to whomever they're a

13  representative, may still feel the need for those deponents to

14  be there at the hearing and possibly seek live testimony from

15  them as well, in addition to the costs that are just involved

16  in trying to arrange and run depositions over the next few

17  weeks, or really just next week, in advance of the hearing, I

18  just don't find good cause for the depositions that Plaintiffs

19  are asking for.

20       If the declarants that Defendants present next Monday and

21  will present at the hearing, you know, don't include some

22  officials the Plaintiffs feel should testify, I don't know how

23  Judge Godbey will respond to it, but I think, you know,

24  without opposition from Defendants at this point, the

25  Plaintiffs can ask Judge Godbey for permission to present them

1   and then seek to subpoena them.  But otherwise, under all the

2   circumstances, where Judge Godbey has chosen to proceed with

3   declarations and then cross-examination at the hearing, not an

4   expedited discovery period, in his initial order, I don't find

5   good cause under all these circumstances to, within this

6   context, authorize that discovery.

7       I think the purpose of obtaining these witnesses'

8   testimony at the hearing can best and most efficiently be

9   achieved, to the extent it's even necessary, through cross-

10  examination of the declarants that the Court is already

11  permitting, and if Judge Godbey will permit it, and

12  presentation of live testimony of whatever few adverse

13  witnesses Plaintiffs may feel the need to put up and call by

14  subpoena.

15      But, in short, I'm just not persuaded that commencing a

16  short period of some amount of depositions will be more cost-

17  efficient than asking the Court to allow any live testimony

18  that may be needed beyond the declarants or that the reasons

19  that Plaintiffs have offered justify the costs and other I

20  think inefficiencies that would be involved in that.

21      That said, with regard to the request for some limited

22  discovery by way of requests for production, I do, after

23  considering, as everyone has pointed out, slightly less

24  lengthy briefing on that, but nevertheless the briefing on the

25  requests, I do think that, in advance of the hearing and for

1  purposes of allowing Plaintiffs additional what seems to be

2  material information to be prepared for the hearing, as well

3  as prepare for cross-examination of any of the Defendants'

4  declarants, I do think there's good cause to allow limited in

5  essence document discovery or requests for production to the

6  appropriate defendant for audio and video recordings of bail

7  hearings for -- it seems to me, I mean, considering all the

8  circumstances here and what would be most proportionate to the

9  needs of the case and the needs of the Plaintiffs in

10 presenting evidence or being prepared, and being prepared to

11 put on testimony of and evidence and make argument regarding

12 any disputed fact issues at the preliminary injunction

13 hearing, that I think audio and video recordings that may be

14 available for some three-day period between July 1st and July

15 18th -- I'm sorry, July 1st and July 8th, 2018, as Defendants

16 -- as one of the Defendants' briefs noted in a footnote, I

17 think is appropriate.  I think there is good cause for that.

18 If -- I think, if Defendants can manage it, it ought to be

19 produced by -- make every effort to produce it by next

20 Thursday, August 2nd.  And if they do, in fact, as they appear

21 they might, run into any technical difficulties with

22 extracting that or finding some way to produce it, then that's

23 something that they can raise in the first instance with

24 Plaintiffs' counsel.  And if you all need to, you know, get

25 back on the phone with me next week to talk about that, then

1    we can do that.

2         But, so in the end, though, my -- considering everything,

3    consistent with what I've said, I intend to grant in part and

4    deny in part Plaintiffs' motion for limited discovery and the

5    Defendants' respective motions for protection, deny any

6    alternative motions for continuance, deny leave, as I said,

7    for any depositions and quash the subpoenas, but permit

8    Plaintiffs to serve the appropriate Defendant or Defendants

9    with requests for production for video and audio recordings of

10   bail hearings during some three-day period between July 1st

11   and July 8th, 2018, to be produced, if at all possible, by

12   next Thursday, August 2nd, 2018.  Does that make sense to

13   everyone?

14              MS. TRIGILIO:  This is --

15              MR. HARLAN:  Your Honor, let me ask for a little

16   clarification, if I may.

17              THE COURT:  Sure.

18              MR. HARLAN:  This is Peter Harlan with --

19              THE COURT:  Yes.

20              MR. HARLAN:  -- the Dallas County District Attorney's

21   Office.  Are you saying for any three-day period between the

22   periods of July 3rd through July 18th, 2018?

23              THE COURT:  No, actually, I'm sorry, I said -- I

24   really -- and I may have misspoken.  I said July -- I actually

25   meant July 1st through the 8th, as you all had proposed.

1          MR. HARLAN:  1st through the 8th?

2          THE COURT:  1st through 8th.

3          MR. HARLAN:  Okay.

4          THE COURT:  And I don't know -- and I don't mean -- I

5    mean, I suspect -- look, I don't know.  I mean, we -- we don't

6    hold court on July 4th.  I suspect there may be magistrate

7    judges in the basement over there who sometimes have to, but

8    not July 4th is probably the best day for that.  But, and so

9    it doesn't have to be in consecutive days.  I just think, you

10   know, essentially three days' worth of recordings, audio and

11   video, that you have of bail hearings during that seven-day

12   period is appropriate.

13         MR. HARLAN:  Okay.  Thank you.

14         MS. TRIGILIO:  And Your Honor, this is Trisha

15   Trigilio.  So, to the time period of the video specifically, I

16   think that the two periods that we have requested were for

17   very different purposes.  Because we're seeking injunctive

18   relief, the relevant time period for the recordings will be

19   immediately preceding when we filed this case, which would be

20   January.  That's really the critical videos we were looking

21   for.

22       Defendants have (inaudible) that they've changed their

23   practices since then, and so we also requested videos from

24   July just as a comparison to inform ourselves.  But, really,

25   the relevant evidence that we are looking for is from January,

1    not July, because those are the only practices that are

2    factually going to be at issue in the hearing.

3          MR. MORGAN:  Your Honor, this is Phil Morgan for the

4    Dallas County Defendants.  The question of the hearing is

5    whether injunctive relief is necessary.  The question of the

6    hearing is whether the practices today warrant injunctive

7    relief.  If they don't, then there's no need for a preliminary

8    injunction.  So we think the videos from July would be most

9    appropriate.

10         THE COURT:  Yeah.  Ms. Trigilio, I guess I'm confused

11   by that.  I mean, this is, of course, a question of whether

12   there ought to be a preliminary injunction to do something to

13   alter or, I mean, some sort of enjoining of something that the

14   Defendants are doing going forward while this case is in

15   place.  Why wouldn't what's happening right now be as or more

16   relevant than what was happening six months ago?

17         MS. TRIGILIO:  Well, Your Honor, the argument that

18   the Defendants are making is that, among others, that they've

19   mooted this case through a voluntary cessation of the conduct

20   that the Plaintiffs have challenged.  But, of course, that's

21   an exception to the mootness doctrine, unless the change is

22   sufficiently permanent, which calls for something like a

23   change in statute or ordinance.

24      So, really, the relevant conduct here is what they were

25   doing before they were looking down the barrel of a lawsuit,

1    which is going to be exactly what was happening in January.

2    What they've changed voluntarily as the lawsuit is pending

3    might be relevant to whether or not the parties are likely to

4    settle, but it's not relevant to whether or not Plaintiffs are

5    entitled to relief from the system as it was operating in mid-

6    January, before the lawsuit was filed.  And --

7              MR. MORGAN:  And Your Honor, --

8              MS. TRIGILIO:  And this is -- this is, just to

9    clarify, you know, probably the way that the question should

10   be resolved is it's a legal question that we briefed that

11   Judge Godbey should be taking up at the hearing and upon

12   review of our papers.  And having a set of videos from both

13   time periods would enable him to make the right decision just

14   depending on how he resolves this legal question.

15             MR. MORGAN:  Your Honor, this is Phil Morgan again.

16   I don't really have much to add to that other than I think the

17   Court is correct that we're talking about a preliminary

18   injunction hearing.  The question is what is going on today,

19   and limited production in the next few weeks of three days of

20   videos is more than sufficient at this point.  If the parties

21   want to debate further, you know, on the merits of this case,

22   that, you know, what's happening isn't sufficient, that's

23   fine, but I don't -- I think the Court is correct and I don't

24   understand what, you know, was happening January 21 to be

25   particularly informative as to what is happening today for a

1    preliminary injunction.

2              MS. TRIGILIO:  And this is Ms. Trigilio again.  Just

3    to be clear, Your Honor, we'd accept even two days from

4    January.

5        Really, what we're looking for is a small, representative

6    sample of what the standing operating -- standard operating

7    procedure was before the Defendants were facing a lawsuit over

8    this conduct.

9        And, really, the reason that we're pushing this so hard is

10   that the Defendants have indicated that the videos from

11   January are, in fact, missing, and if that's true, that's

12   something that we need to bring out, figure out why it

13   happened, address whether this is an ongoing issue of videos

14   being lost or erased, and make sure that it doesn't happen

15   again.

16             MR. MORGAN:  Your Honor, that's a -- this is Phil

17   Morgan for Dallas County.  I mean, that's a spoliation issue

18   that they seem to be trying to tee up at a preliminary

19   injunction to get some sort of adverse inference as to what

20   was happening before a lawsuit was even filed and the need to

21   preserve the videos even arose.

22       Again, I think, with the two weeks that we have, the

23   questions presented at the preliminary injunction, the three

24   days of videos recorded suggested from July are more than

25   sufficient for the parties to do that.

1    In addition, Your Honor, we will be submitting

2    declarations from people who were present and, you know, for

3    the system as it existed the day the lawsuit was filed.  If

4    Plaintiffs have questions, there will be witnesses available

5    to question them about as well.

6         THE COURT:  Ms. Trigilio, I still think that July --

7    I still think that, if there's going to be any production of

8    audio and video recording, that the production of the audio

9    and video recordings from, you know, just several weeks ago is

10   -- makes sense, and that is all I'm going to order.

11        MS. TRIGILIO:  And Your Honor, --

12        MR. HARLAN:  Your Honor, just to make clear, Your

13   Honor, --

14        MS. TRIGILIO:  To be clear for the record, Your

15   Honor, our understanding from the Defendants' representations

16   is that the hearings happening right now in July are quite

17   different than the hearings that were happening in January.

18   And the only questions relevant to whether we get the

19   injunction granted are what was happening at the hearings in

20   January, not July.  Because, again, voluntary changes that the

21   Defendants have made that they can undo as soon as the

22   lawsuits have been dismissed are irrelevant to our standing to

23   seek relief and the merits of our claim.

24        THE COURT:  Well, that's a permanent injunction, not

25   a preliminary injunction.  A preliminary junction is what's

1   going on while -- will only be in place while the lawsuit is

2   going on.

3           MS. TRIGILIO:  And, I mean, Your Honor, that -- be

4   that as it may, to put the Plaintiffs in the position of

5   denying a preliminary injunction and then having to monitor

6   every day what Dallas County is doing to make sure that we

7   don't need to file a new preliminary injunction motion, while

8   we're, at the same time, litigating this case, seems like an

9   inefficient way to examine the question.

10      The parties to this case, the Plaintiffs' counsel and the

11  policymakers for Dallas County were in conversations for many

12  months about this system before the lawsuit was filed, and

13  through their behavior they made it clear that, without the

14  force of a court order or the threat of a court order, that

15  they weren't going to voluntarily change the system.

16      And so, without a preliminary injunction in place, we

17  think it's likely that they would revert to their old system

18  in a way that it would be hard for us to track and prove to

19  the Court by filing preliminary injunction motion after

20  preliminary injunction motion, upon which they could revert to

21  a -- change to a new system or change the system just enough

22  to defeat the motion.

23      Again, --

24          THE COURT:  This is not your -- Ms. Trigilio, this is

25  not your --

1          MS. TRIGILIO:  -- question for Judge Godbey to

2    resolve.  And so at least getting the evidence before him in

3    the case that he does agree with the Plaintiffs would be much

4    more efficient so that he could make a decision in Plaintiffs'

5    favor if he chooses to do so.

6          THE COURT:  Videos are not the only evidence you're

7    going to have of that, I would assume.

8          MS. TRIGILIO:  That's correct, Your Honor, but they

9    are the best evidence.

10          THE COURT:  Well, I still think, considering all the

11    circumstances -- I'm not saying that you're not going to be

12    able to argue what happened there at the preliminary

13    injunction.  I'm certain that you will.  And from your -- your

14    evidence already covers that, and it sounds like the

15    Defendants' evidence will as well.  So I think, in terms of

16    the recordings that you're asking for, obtaining the

17    recordings from three days in July is all that I find good

18    cause for at this point.

19       It's not in any way shutting you down from asking -- from

20    asking for the preliminary injunction -- I mean, bear in mind,

21    Judge Godbey didn't anticipate any discovery at all with the

22    way he set up the -- set up his preliminary injunction

23    hearing.  So I -- but I think that the recordings that I've

24    ordered are all that I find good cause for.

25          MR. HARLAN:  Thank you, Your Honor.  Are we done now?

1          MS. TRIGILIO:  Your Honor, just in light of that

2     ruling, to preserve any -- any videos from when this lawsuit

3     was filed that may still exist going forward, we'd like a

4     commitment from the Defendants that, you know, just in case of

5     when the time comes appropriate to request production of those

6     videos, that they're actually going to be preserved.  Because

7     it seems that there are serious questions raised about whether

8     Defendants are actually preserving videos from the time the

9     lawsuit was filed.

10          MR. MORGAN:  Your Honor, this is Phil Morgan for

11     Dallas County.  I don't think that that question or assurances

12     are really appropriate or necessary at this time.  I think it

13     should suffice to say we are -- we take our discovery

14     obligations under the Federal Rules seriously, and literally,

15     we're -- we are complying with what the Federal Rules require.

16          MS. TRIGILIO:  And Your Honor, this is Trisha

17     Trigilio.  What I've heard, they're -- I just really want to

18     clarify, because I heard initially that that commitment

19     wouldn't be made, and then, secondarily, that of course

20     Defendants are minding their obligations under the Rules.  Of

21     course, their obligations under the Rules are to preserve any

22     evidence that's relevant to the lawsuit from the day it was

23     filed, which is back in January, and those obligations have

24     been ongoing, yet there are questions about whether videos

25     were lost or destroyed after the lawsuit was filed.

1        That's a really significant problem for us, because as I

2    said, this is the best evidence of what happened at those

3    hearings, their video and audio recordings of the hearings.

4    And so to hear hedging in a response to a request for a

5    commitment that this is not an issue is really troubling.

6            MR. MORGAN:  Your Honor, this is Phil Morgan for

7    Dallas County.  I don't -- I don't think I hedged.  Again, I

8    would like to stand by our position that we will -- we take

9    seriously our obligations under the Federal Rules.  We're

10   doing what we're supposed to do.  And at a later point, the

11   parties can -- at a later and appropriate point, if necessary,

12   the parties can re-examine this issue about what evidence we

13   have or don't have.

14       To clarify the conversation I had with Plaintiffs'

15   counsel, I mean, we are just in the process of determining,

16   you know, what we have.  I didn't -- never represented we

17   don't have it or we do have it.  I mean, we're -- we're in

18   that process now.  So I don't know what else to say from

19   Dallas County's perspective about the videos.

20           THE COURT:  Okay.  Well, I mean, Mr. Morgan, I guess

21   I'll just say it does -- without knowing more, it does sound

22   like audio and video recordings of bail hearings, you know,

23   are likely to be relevant evidence, even if I'm not ordering

24   them under the, you know, restricted expedited discovery good-

25   cause standards here.

1      So, you know, I would think that certainly looking into

2   what you have and preserving what you have would be in Dallas

3   County's best interest going forward.

4           MR. MORGAN:  Your Honor, Phil Morgan for Dallas

5   County.  We completely agree.

6           THE COURT:  Okay.  All right.  Mr. Trigilio, anything

7   else, then, for the Plaintiffs today?

8           MS. TRIGILIO:  Yes, Your Honor.  Just for

9   efficiency's sake, I think Your Honor laid out the parties'

10  position fairly well, but just to put a point on it, if

11  Plaintiff files subpoenas for adverse witnesses who are not

12  declarants after Dallas County files its evidence on Monday,

13  that the Defendants are not going to be opposing those

14  subpoenas; is that correct?

15          THE COURT:  That's my understanding, although the

16  expectation -- it's the expectation I have as well -- is I'm

17  not -- Judge Godbey has referred to me these discovery motions

18  and any discovery disputes.  I don't have the -- how he's

19  going to conduct the preliminary injunction hearing, what he's

20  going to allow there and how he's going to have it structured

21  is entirely his purview and his province and not anything that

22  I'm trying to get out in front of him on.

23      So I think the expectation is that you all -- if you feel

24  you are going to need -- want adverse witnesses and to

25  subpoena them, that you will be filing a motion with Judge

1    Godbey to get, you know, permission for those to be presented.

2    Subject to that, my understanding is the Defendants are not

3    opposing subpoenas to any adverse witnesses within their

4    control to be presented, if Judge Godbey will actually allow

5    such testimony.

6        Is that correct on my part with regard to the Defendants'

7    position?

8            MR. MORGAN:  Your Honor, Phil Morgan for Dallas

9    County.  That's correct.

10           MS. TRIGILIO:  Excellent, Your Honor.  This is Trisha

11   Trigilio.  Can we get a commitment from the Felony Judges as

12   well, who are represented by other counsel?

13           MR. HUDSON:  At this time, Your Honor, I don't

14   believe that we actually took a position in our papers on

15   whether we would agree to a subpoena at this point.  Dallas

16   County, I believe, is going to have the most relevant actors.

17   And since Judge Godbey has limited the hearing to a three-hour

18   period, we would prefer to see the motion that the Plaintiffs

19   intend to file before we take a position on whether we would

20   agree to a subpoena.

21           THE COURT:  Okay.  Well, let me just say, just to

22   make clear, I did not -- my ruling on whether depositions are

23   appropriate, you know, was -- did not assume -- does not

24   assume whether Judge Godbey will even grant that motion or

25   not.

1    So, you know, part of the circumstances, overall

2    circumstances I considered was the Dallas County Defendants,

3    my understanding is they're -- I understand that they, under

4    the circumstance I've already laid out, would not oppose

5    subpoenas.  The fact that the Dallas County District Judges

6    are not taking a position one way or the other at this point

7    does not alter my ultimate ruling.

8              MR. HUDSON:  Thank you, Your Honor.

9              MR. HARLAN:  Thank you, Your Honor.

10             THE COURT:  Ms. Trigilio, anything further for today

11   for Plaintiffs?

12             MS. TRIGILIO:  Nothing for the Plaintiffs, Your

13   Honor.  Thank you.

14             THE COURT:  All right.  Thank you.  Well, I'll issue

15   a short electronic order that memorializes the essence of or

16   the most salient points of what I've just said and the rules

17   on the motions and we'll go from there.

18       As I had said, if issues come up with regard to Dallas

19   County's ability to produce the audio and video recordings for

20   over the course of three days during that eight-day period, I

21   guess, actually, in July 2018, I'll ask that you all confer on

22   that and try and do what you can to resolve it, but if you do

23   need the Court's intervention, please do feel free to actually

24   just reach out to -- call chambers.  And it may be most

25   efficient, at least in the first instance, just to get

```
1   everyone on the phone and talk about it next week.  Okay?

2             MR. HARLAN:  Okay.  Thank you, Your Honor.

3             MS. TRIGILIO:  Thank you, Your Honor.

4             THE COURT:  All right.

5             MR. MORGAN:  Thank you, Your Honor.

6             THE COURT:  All right.  Thank you all.  Have a good

7   rest of the day.  We'll be adjourned.

8        (Proceedings concluded at 11:37 a.m.)

9                              --oOo--

10

11

12

13

14

15

16

17

18

19                          CERTIFICATE

20        I certify that the foregoing is a correct transcript to
    the best of my ability from the electronic sound recording of
21  the proceedings in the above-entitled matter.

22   /s/ Kathy Rehling                         12/27/2019

23  _____        _____
    Kathy Rehling, CETD-444                       Date
24  Certified Electronic Court Transcriber

25
```

                                    INDEX

1

   PROCEEDINGS                                                     3

2

   WITNESSES

3

   -none-

4

   EXHIBITS

5

   -none-

6

   RULINGS

7

   Motion for Discovery filed by Erriyah Banks, Shakena           9
8  Walston, Texas Attorney General's Office, Shannon Daves,
   James Thompson, Texas Organizing Project Education Fund,
9  Faith in Texas, Patroba Michieka, and Destinee Tovar
   (#95)
10

11 Motion to Quash filed by Dallas County Texas (#98)             9

12 Motion to Quash filed by Dallas County Texas (#97)             9

13 Motion for Protective Order, filed by Terrie McVea, Lisa       9
   Bronchetti, Peggy Hoffman, Marian Brown, Dan Patterson,
14 Nancy Mulder, Shequitta Kelly, Roberto Canas, Jr., Hal
   Turley, Lisa Green, Julia Hayes, Angela King, Doug Skemp,
15 Dallas County Texas, Steven Autry, Tina Yoo Clinton,
   Anthony Randall, Elizabeth Crowder, and Janet Lusk (#96)
16
   Motion to Quash filed by Dallas County Texas (#99)             9
17
   END OF PROCEEDINGS                                            25
18
   INDEX                                                         26
19

20

21

22

23

24

25