IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-154-N |
| | § | |
| DALLAS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants' motion for a protective order, Plaintiffs' motion to compel, and Plaintiffs' motion for status conference [235], [241], [247]. Plaintiffs moved to compel the production of 1) "all bail-hearing videos in [Defendants'] possession from January 2015 through December 2018;" 2) "ESI, hard copy documents, and data from January 2015 through December 2018;" and 3) discovery of Defendants' video preservation efforts. The Court grants in part and denies in part Plaintiffs' motion to compel. The Court orders Defendants to produce a random sampling of bail-hearing videos starting from January 21, 2017 and containing at least 100 hours of video per year. Because production of documents dating back to January 2015 is unnecessarily duplicative, the Court grants Defendants a protective order limiting the date range of discovery to January 21, 2017. The Court determines that Plaintiffs have not submitted a proper discovery request on Defendants' video preservation efforts and thus cannot compel production at this time. Because the parties' motions are limited to these three issues, the Court declines

MEMORANDUM OPINION AND ORDER – PAGE 1

to reach the multitude of objections on the Fourth RFP that are not raised by the pending motions. Accordingly, the Court denies Plaintiffs' motion for status conference as moot.

## I. ORIGINS OF THE DISPUTE

This case is about Dallas County's pretrial detention system. Plaintiffs are recent arrestees who were in custody at the Dallas County Jail. Plaintiffs allege that the County, the Sheriff, the Magistrates, the Felony Judges, and the Misdemeanor Judges employ an unconstitutional "system of wealth-based detention by imposing and enforcing secured money bail without an inquiry into and findings concerning the arrestee's present ability to pay." Compl. ¶ 8 [1]. Plaintiffs seek both injunctive and declaratory relief against the County's procedures. On September 20, 2018, this Court held that there was a clear showing of routine wealth-based detention and violations of procedural Due Process and Equal Protection rights. The Court granted Plaintiffs' motion for preliminary injunction.

The issue before the Court is a discovery dispute. Following the grant of preliminary injunction, Plaintiffs served a Fourth Request for Production to the Dallas County Defendants on April 15, 2019, requesting production of various documents "relating to bail, post-arrest processes, conditions of release, pretrial release, or pretrial detention" in Defendants' possession. Pls.' Mot. to Compel, Ex. B at 4 [235-2]. The parties do not presently dispute the scope of the documents requested, but Defendants argued that discovery dating back to January 2015 included "pre-filing" discovery which lacked any probative value. Defendants instead agreed to produce documents dating back to January 21, 2018, the date of the filing of this lawsuit. Defendants then moved for a protective order limiting the date range of discovery. Plaintiffs argue that this "pre-filing" discovery

MEMORANDUM OPINION AND ORDER – PAGE 2

dating back to January 2015 is necessary to provide the Court with the information it needs to resolve the merits of the Plaintiffs' claims, to determine which Defendants control which aspects of the bail system, and to craft a workable, permanent injunction. Plaintiffs moved to compel the production of 1) "all bail-hearing videos in [Defendants'] possession from January 2015 through December 2018;" 2) "ESI, hard copy documents, and data from January 2015 through December 2018;" and 3) discovery of Defendants' video preservation efforts. Pls.' Mot. to Compel [241].

## II. LEGAL STANDARDS

Rule 26(b) of the Federal Rules of Civil Procedure provides the general scope of discovery. Rule 26(b)(1) provides that:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).

Rule 26 permits the broadest scope of discovery and leaves it to the discretion of the district court to decide what restrictions may be necessary in a particular case. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985); 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2020). Discovery requests are considered "relevant" when they seek admissible evidence or are "reasonably calculated to lead to the discovery of admissible evidence." *Crosby v. La.*

*Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

A district court must limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of the proposed outweighs its potential benefit. *See* FED. R. CIV. P. 26(b)(2)(C). Courts in this circuit apply a "balancing of interests" approach, "compar[ing] the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation omitted). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER

#### A. Pre-filing Discovery is Relevant to Plaintiffs' Claims

The Court determines that pre-filing discovery is relevant to Plaintiffs' claims. When evaluating the relevance of a discovery request, courts construe relevance broadly. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). Rule 26(b)'s standard has been construed to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, an issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a

claim or defense or have strong probative force or value." *Samsung Elecs. Am, Inc.*, 321 F.R.D. at 280.

Defendants argue that this Court can enter an injunction ordering the Dallas County Defendants to comply with the law as set out in *ODonnell* without any reference to its pre-filing system.[1] Furthermore, Defendants claim that they have already abandoned and are not defending the prior system, and discovery would thus be irrelevant to the current litigation. In essence, Defendants have requested that this Court simply "tell them what to do" and they will do it.

Although Defendants have taken steps to comply with the preliminary injunction, the pre-filing system of the Defendants is the basis of this litigation. Along with its power to hear the case, the court's power to grant injunctive relief survives the discontinuance of the illegal conduct. *See U.S. v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Furthermore, the scope of injunctive relief turns on fact-intensive inquiries and the "extent of the violation established." *ODonnell I*, 892 F.3d at 163 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). If Defendants' actions violated Plaintiffs' constitutional rights, the Court must fashion a closely tailored remedy to protect Plaintiffs' rights without being overbroad. *See Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016). It is not enough for the Court to accept Defendants' stipulation that their pretrial system was unconstitutional;

---

[1] *ODonnell v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018) (*ODonnell I*) (requiring "notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decisionmaker"); *see also ODonnell v. Goodheart*, 900 F.3d 220 (5th Cir. 2018) (*ODonnell II*) (reversing aspects of the injunction entered on remand from *ODonnell I*).

MEMORANDUM OPINION AND ORDER – PAGE 5

it must look to how the system was unconstitutional and what procedures may be implemented to remedy the system.

*ODonnell*'s suggested remedy alone is not sufficient to render discovery irrelevant in this case. Discovery may uncover additional differences between Dallas County's bail system and Harris County's bail system. *See* Mem. Op. and Order [242] (modifying the Fifth Circuit's order in *ODonnell* to "fit the facts of this case"). Discovery concerning what Defendants' pretrial practices were, how they came to be, and who exercised control over them provides probative value to Plaintiffs in arguing what the scope of injunctive relief should be in this case.

Defendants claim that Plaintiffs have already seen three days' worth of security camera footage and Plaintiffs are aware that these videos are not useful. Defendants also suggest that they will stipulate that these videos are accurate representations of the past bail system, thus remedying the current discovery dispute. The Court disagrees. First, the pre-injunction videos consist of only three days of magistration videos. Although Defendants allege that these videos were useless, Plaintiffs did in fact use them in connection with the preliminary injunction. Even if the provided videos were useless, that fact alone does not establish that all such videos would be irrelevant to the case at hand. Here, Plaintiffs seek to demonstrate a common practice of violative conduct by defendants, and the small sample size of the preliminary injunction videos decreases the likelihood that Defendants' common practices were adequately shown. *Cf. Int. Broth. of Teamsters v. United States*, 431 U.S. 324, 339 n.20 (1977) ("Considerations such as small sample size may, of course, detract

from the value of such evidence . . . ."). Thus, additional magistration videos have probative value, even if merely to bolster the weight of the evidence already obtained.

Defendants have also suggested that providing access to the chief magistrate's ESI would be sufficient to demonstrate the common practice of the magistrates. As demonstrated in *ODonnell*, official policy and actual practice can often dramatically differ. 251 F. Supp. 3d at 1099 & n.48 (finding based on the videos that arrestees who tried to speak were "commanded not to, shouted down, or ignored"). Plaintiffs are entitled to present the best evidence available in support of their claims, and a stipulation by Defendants does not resolve the discovery dispute. Thus, the pre-filing discovery that Plaintiffs seek are relevant to their claims.

### B. Discovery Dating Back to 2015 is Unnecessarily Duplicative

A district court must limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of the proposed outweighs its potential benefit. See FED. R. CIV. P. 26(b)(2)(C). Rule 26(b) outlines six factors in determining whether the propounded discovery is proportional to the needs of the case: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). Courts in this circuit apply a "balancing of interests" approach, "compar[ing] the hardship to the party against whom discovery is sought against the probative value of

the information to the other party." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation omitted).

Defendants allege that the requested discovery amounts to approximately 150,000 documents, 75 terabytes of data, and nearly 14,000 hours of video. While the probative value of the pre-filing discovery and the public's interest in a constitutional system of bail procedures weigh substantially in Plaintiffs' favor, discovery dating back to 2015 is disproportionate and will be unnecessarily duplicative in establishing the "pre-filing practice" of Defendants. The Court determines that discovery dating back to January 21, 2017, a year's worth of pre-filing discovery, is sufficient for Plaintiffs to establish their case as to the pre-filing practice of the Defendants. Thus, the Court grants Defendants a protective order against discovery dating prior to January 21, 2017.

Prior to the grant of preliminary injunction, Magistrate Judge Horan allowed production of three days of magistration hearing videos as representative of Defendants' "pre-filing practice." The Court agrees with Judge Horan's approach. While pre-filing videos are relevant to this case, seventy-five terabytes of magistration videos that are likely to be substantially similar will provide quickly diminishing returns to Plaintiffs while imposing disproportionate and significant costs to Defendants. Furthermore, three years of bail-hearing videos only marginally more likely to illuminate any of Defendants' systematic violations than a random sampling. Thus, the Court orders parties to confer and present a proposed method of random sampling to produce 100 hours of bail-hearing videos per year dating back to January 21, 2017. If the parties are unable to reach a resolution, both parties must individually file a proposed method of random sampling to the Court

MEMORANDUM OPINION AND ORDER – PAGE 8

with a transmittal letter of no more than three pages explaining the difference in the proposals no later than fourteen (14) days after the date of this Order. Subject to the Court's approval of the random sampling method, the Court orders Defendants to turn over the requested discovery dated back to January 21, 2017.

### C. *Plaintiffs Lack a Basis to Compel Discovery of Video Preservation*

In addition to the pre-filing discovery, Plaintiffs seek to compel Defendants to "state the date ranges for which bail-hearing videos exist for each type of technology used to record the hearings from January 2015 through the present, state whether any video evidence was destroyed after this lawsuit was filed, and state the dates on which the evidence was destroyed." Defendants object to this demand as not properly made pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). Defendants argue that Plaintiffs should have served an interrogatory for that information prior to this motion to compel.

A party seeking discovery may move for an order compelling discovery if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents" under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B). However, the discovery that Plaintiffs seek is not the proper object of a request for production. Plaintiffs' request essentially seeks an interrogatory response without submitting an interrogatory. Because the Court determines that Plaintiffs have not properly requested the discovery they seek, the Court cannot compel discovery at this time. *See* FED R. CIV. P. 37(a)(3)(B); *see also Celanese Corp. v. Clariant Corp.*, No. 3:14-cv-4165-M, 2015 WL 9269415, at *4 (N.D. Tex. Dec. 21, 2015) (denying motion to compel when discovery could "best be obtained in the first instance by an interrogatory [] asking for precisely that information."). Because

MEMORANDUM OPINION AND ORDER – PAGE 9

Plaintiffs have not served a proper discovery request prior to seeking to compel disclosure under Rule 37, the Court cannot compel discovery on this issue at this time.

## CONCLUSION

The Court grants in part and denies in part Plaintiffs' motion to compel. The Court grants in part and denies in part Defendants' motion for protective order. Subject to the Court's approval of the random sampling method, the Court orders Defendants to:

(1)   produce a random sampling of bail-hearing videos in their possession from January 21, 2017 through December 2018 consisting of 100 hours per year; and

(2)   produce ESI, hard copy documents, and data from January 21, 2017 through December 2018 responsive to the unobjected requests for production.

The Court orders Defendants to provide the video discovery within sixty (60) days of this Court's approval of the random sampling method. All other compelled discovery must be produced within thirty (30) days of this Order. The Court orders that the Dallas County Defendants are protected from producing further documents, ESI, or other material dating prior to January 21, 2017, other than material already produced or which the Dallas County Defendants have agreed to produce but have not yet produced. Accordingly, the Court denies Plaintiffs' motion for status conference as moot.

Signed November 4, 2020.

_____
David C. Godbey
United States District Judge