IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON DAVES, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | Case No. 3:18-cv-00154 |
| v. | ) | |
| | ) | |
| DALLAS COUNTY, TEXAS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR STAY
## AND, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**I.    SUMMARY** ........................................................................................................................ 1

**II.   BACKGROUND** ............................................................................................................... 3

    A.  Three years ago, Plaintiffs file suit to "fix" a system already being overhauled. ......... 3

    B.  The panel opinion on appeal invites rehearing en banc, which is granted. ................. 4

    C.  Plaintiffs seek depositions of individual Dallas County Defendants, only now that the en banc Fifth Circuit has taken the preliminary injunction under review ...................... 6

    D.  While the *Daves* appeal is pending, Plaintiffs unsuccessfully sue Dallas County and the Sheriff over the COVID-19 pandemic response using information gathered in *Daves* discovery. ....................................................................................................... 11

**III.  ARGUMENT** ................................................................................................................. 13

    A.  Standard. ................................................................................................................. 14

    B.  Good cause exists to stay discovery .......................................................................... 14

        1.  Plaintiffs have already acknowledged that these depositions will be cumulative and duplicative of further discovery. ................................................................. 15

        2.  Discovery, in particular depositions, should be stayed pending resolution of the en banc rehearing. ................................................................................................... 15

        3.  A stay will not prejudice Plaintiffs. ................................................................. 17

**IV.   CONCLUSION** ............................................................................................................. 18

**CERTIFICATE OF SERVICE** ........................................................................................... 19

**CERTIFICATE OF CONFERENCE** ................................................................................. 19

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alltel Communications, LLC v. DeJordy*,
  675 F.3d 1100 (8th Cir. 2012) ................................................. 16

*Cazorla v. Koch Foods of Mississippi, L.L.C.*,
  838 F.3d 540 (5th Cir. 2016) ............................................. 14, 15

*Daves v. Dallas County*,
  984 F.3d 381 (5th Cir. 2020) ........................................ 3, 4, 5, 7

*Landis v. North Am. Co.*,
  299 U.S. 248 (1936) ............................................................. 13

*Marinechance Shipping, Ltd. v. Sebastian*,
  143 F.3d 216 (5th Cir. 1998) .................................................. 13

*Monell v. Dept of Social Servs. of City of New York*,
  436 U.S. 658 (1978) ............................................................. 16

*ODonnell v. Goodhart*,
  900 F.3d 220 (5th Cir. 2018) ................................................... 4

*ODonnell v. Harris County*,
  892 F.3d 147 (5th Cir. 2018) ................................................ 3, 4

*Petrus v. Bowen*,
  833 F.2d 581 (5th Cir. 1987) .................................................. 14

*Sanchez v. Brown*,
  No. 3:20-cv-832-E, 2020 WL 2615931 (N.D. Tex. May 22, 2020) ................. 12, 13

*Sapp v. Mem'l Hermann Healthcare Sys.*,
  406 Fed. Appx. 866 (5th Cir. 2010) ........................................... 14

*Total Rx Care, LLC v. Great N. Ins. Co.*,
  No. 3:16-cv-2965, 2016 WL 9559917 (N.D. Tex. Dec. 30, 2016) .................. 14

*Walker v. City of Calhoun*,
  901 F.3d 1245 (11th Cir. 2018) ................................................ 4

**Statutes**

2021 WL 74466 (5th Cir. Feb. 25, 2021) ......................................... 3

ii

**<u>Rules</u>**

Fed. R. Civ. P. 26(c) .................................................................................................. 14, 18

TO THE HONORABLE JUDGE:

The Dallas County Defendants file this Motion for Stay, joined by all Defendants, seeking to stay discovery in this case pending the resolution of the pending en banc rehearing of the appeal of this Court's preliminary injunction.[1] Alternatively, Defendants move for a protective order relieving them from depositions which Plaintiffs noticed prior to the Fifth Circuit granting en banc rehearing.

The first deposition from which the Dallas County Defendants seek protection is noticed for April 6, 2021, and accordingly the Dallas County Defendants respectfully request a ruling from the Court prior to that date in the event Plaintiffs continue to insist on going forward with the depositions as noticed. In support thereof, the Dallas County Defendants would show as follows:

## I.
### SUMMARY

Last week, on February 25, 2021, the Fifth Circuit granted the Dallas County Defendants' petition for en banc rehearing in the appeal of this Court's preliminary injunction. In doing so, the en banc Fifth Circuit vacated the panel opinion issued December 28, 2020—just over a year and a month after oral argument before that panel on November 4, 2019. That now-vacated panel opinion affirmed the preliminary injunction in most respects, but found that the District Judges were immune as members of the state judiciary. In reaching the opposite conclusion for the almost identically situated County Court Judges, the panel relied heavily on the opinion in *ODonnell v. Harris County*.

---

[1] The District Judges represented by the Office of the Attorney General join in the relief requested in this Motion. The District Judges not represented by the Office of the Attorney General and separately represented by the Tillotson Law Firm (Nancy Kennedy, Amber Givens-Davis, Brandon Birmingham, and Tina Yoo-Clinton) also join in the relief requested in this Motion. Counsel for the Dallas County Defendants requested by email as of yesterday morning that Plaintiffs confirm their opposition or non-opposition. Plaintiffs have not responded.

The Dallas County Defendants sought rehearing en banc to have the Fifth Circuit clarify the confusion created by *ODonnell*'s holding on county liability. By granting rehearing en banc, the Fifth Circuit has reset the status of the appeal to exactly where it was over two years ago.

In those intervening years, Plaintiffs have sought—and the Defendants have provided—voluminous discovery. For example, the Dallas County Defendants have reviewed over 360,000 documents and produced over 20,000 of those documents. Text messages for Dallas County's custodians have been produced. And 659 gigabytes of video have been produced, including bail hearing, surveillance, and magistration videos dating back to January of 2017. Additionally, the Dallas County Defendants have provided, on an ongoing basis for almost two years, three days of video of magistration hearings from every month, as well monthly data spreadsheets listing all inmates detained in the jail, their charges, their bail amounts, their holds if any, and the like.

On February 16, (shortly after the Dallas County Defendants moved for rehearing en banc, but before the Fifth Circuit granted that petition) Plaintiffs noticed multiple depositions for the first time since July 2018. Plaintiffs claim the depositions are necessary to assess compliance with the injunction and to determine the scope of relief on remand. Days after Plaintiffs noticed these depositions, the Fifth Circuit granted en banc rehearing.

A final determination from the en banc Fifth Circuit on who are the proper parties and to what relief Plaintiffs are entitled is imminent. So the Dallas County Defendants request that this Court stay all pending discovery and other proceedings pending the issuance of a mandate from the en banc Fifth Circuit. There is no scheduling order or trial preparation order in place. All parties would benefit from a stay for the finite period of time it would take for the en banc petition to be heard (and, not having sought depositions in the preceding two years, Plaintiffs can hardly contend there is an especially urgent need for depositions only now that the Fifth Circuit

has taken up the appeal en banc).  Argument before the en banc court is tentatively set for the week of May 24 – less than three months from now. Proceeding with depositions and additional discovery while the en banc rehearing is pending would be inefficient, duplicative (Plaintiffs have already stated their intention to depose each of the noticed deponents again), harassing, and would serve no legitimate purpose, particularly in light of the abundant discovery already provided and periodic monthly videos and reports which the Dallas County Defendants will continue to provide in order to allow Plaintiffs to assess compliance with the injunction.

## II.
### BACKGROUND

Much has transpired both in this litigation and in Dallas County in general since the filing of Plaintiff's lawsuit in January of 2018, including testimony and evidence presented in another lawsuit against the County regarding its jail population.

### A.      Three years ago, Plaintiffs file suit to "fix" a system already being overhauled.

This lawsuit is the child of the *ODonnell v. Harris County* matter in many ways, one being that here—as in Harris County in 2016—a group of lawyers identified a jurisdiction with engaged stakeholders already undertaking systemic bail reform efforts as a target for a headline-grabbing lawsuit.

Plaintiffs succeeded (initially) in grabbing headlines. But following the preliminary injunction hearing in August 2018, this Court correctly rejected Plaintiffs' novel and unfounded arguments based on substantive due process—arguments that, as the *Daves* panel opinion noted, would have "eliminate[d] cash bail for most indigents" despite the fact that no "fundamental substantive due process right to be free from any form of wealth-based detention" exists. *Daves v. Dallas County*, 984 F.3d 381, 413 (5th Cir. 2020), reh'g en banc granted, order vacated, 18-11368, 2021 WL 74466 (5th Cir. Feb. 25, 2021) (the "Panel Opinion"); *citing ODonnell v.*

3

*Harris County*, 892 F.3d 147, 163 (5th Cir. 2018) ("*ODonnell I*"). The Dallas County Defendants are unaware of any court that has granted Plaintiffs this relief at a final determination on the merits; the only circuit courts to have considered this theory on appeal have rejected it explicitly. *Daves*, 984 F.3d at 420; *ODonnell v. Goodhart*, 900 F.3d 220, 228 (5th Cir. 2018); *Walker v. City of Calhoun,* 901 F.3d 1245, 1259-60 (11th Cir. 2018).

To be clear: although the Dallas County Defendants believe that they are not proper parties to this suit, the Dallas County Defendants do not and have not objected to the order of the preliminary injunction issued by this Court "in the form suggested" in *ODonnell I*. Efforts were underway to overhaul the pretrial system and change initial bail setting procedures in Dallas County since before Plaintiffs filed suit and continuing after the *ODonnell I* opinion issued with the benefit of that opinion's guidance.[2]

The Court found that these ongoing efforts fell short of what *ODonnell I* required. Despite the fact that the District Judges' and County Court at Law Judges' bail schedules were not to be strictly followed, the Court found that the Magistrates "routinely treat[ed] these schedules as binding when determining bail." Following *ODonnell I*, the Court concluded that the "mechanical" imposition of secured money bail pursuant to a fixed schedule violated the Equal Protection and Due Process clauses, and entered an injunction to require *ODonnell I*'s procedures.

### B.     The panel opinion on appeal invites rehearing en banc, which is granted.

Plaintiffs appealed this Court's rejection of their arguments on substantive due process. The Dallas County Defendants appealed this Court's ruling that Dallas County and the Dallas

---

[2] *See* Exhibit A, 8-10-2018 Inj. Hrg. Tr., at 121:8-127:13 (discussing testimony and exhibits reflecting efforts undertaken in the pretrial system).

County Court at Law Judges are amenable to suit. And the District Judges appealed the Court's ruling that the District Judges were "county officers" who could be enjoined.

The panel reversed the Court's ruling that the District Judges were "county officers." Rather, they—and their Magistrate Judges—were found to be state officers. *Daves*, 984 F.3d at 399-400. The panel also concluded that the District and Magistrate Judges are not amenable to suit for prospective relief as state officials acting in violation of federal law. *Id.* at 400. The panel held that the District Judges lack a sufficient connection to the enforcement of the felony bail schedules (as simply the parties that promulgated those schedules) to satisfy *Ex parte Young. Id.* Therefore, the panel held that principles of standing and the Eleventh Amendment barred suit against the District Judges. *Id.*

The panel did, however, affirm the Court's ruling that Dallas County and the Dallas County Court at Law Judges could be sued, relying on *ODonnell I. Daves*, 943 F.3d at 403. But the panel observed that the basis of its holding was unclear: "We are not certain of their authority to make [county] policy, but it is clear that the County Court Judges established a schedule for bail to be used for those charged with misdemeanors. We conclude that is policymaking for the County under *ODonnell*." *Id.*

The Dallas County Defendants moved for en banc rehearing to clarify this question, and that petition was granted on February 25. The Fifth Circuit requested supplemental briefs from Plaintiffs on March 29, 2021, and from the Dallas County Defendants and the District Judges on April 28, 2021. Exhibit B, March 1, 2021 Letter Requesting Supplemental Briefing. The case will be heard en banc during the week of May 24, 2021. *Id.*

If the en banc Fifth Circuit agrees with the Dallas County Defendants, the County Court Judges—like the District Judges and Magistrate Judges—will be entitled to immunity as state

officials. As there will then be no Dallas County policy or policymaker enacting the moving force underlying the alleged constitutional violations, Dallas County will not be a proper party. The Fifth Circuit might (or might not) revisit the panel's determination regarding the Sheriff's susceptibility to injunctive relief as well. In short, the identity of the proper parties to this suit (if any) and the injunctive relief that could be entered (if any) is a wide-open question, to be answered by the en banc Court in under three months from the date of this filing.

### C.   Plaintiffs seek depositions of individual Dallas County Defendants, only now that the en banc Fifth Circuit has taken the preliminary injunction under review.

Notwithstanding the fresh reopening of all issues on appeal, Plaintiffs noticed the depositions of certain Dallas County Defendants (and one district judge). Exhibit C, Notices of Deposition. Plaintiffs took care to specify that they seek these depositions *in addition to* the depositions permitted under the Federal Rules and any scheduling order that may eventually be entered by this Court. Exhibit D, February 16, 2021 email from Elizabeth Rossi.

To date, Plaintiffs have conducted extensive discovery in this case. And the Dallas County Defendants have not sought to stay discovery previously and have participated in the extensive discovery process to date, notwithstanding the appeal pending since late 2018. But the Dallas County Defendants have objected (as they do here) when Plaintiffs' use of the discovery process strays outside the scope of Rule 26.

The first such instance came when, immediately prior to the injunction hearing in August 2018 (prior to any Rule 26 conference and without having sought any discovery for the previous eight months since filing suit), Plaintiffs unilaterally noticed the depositions of eight Dallas County officials, including sitting judges and non-parties like the Dallas County Public Defender. *See* ECF No. 95. Plaintiffs also served three requests for production, among other

things seeking video recordings of bail hearings from January 14-21, 2018 and July 1-8, 2018. *Id*.

Magistrate Judge Horan quashed the deposition requests and found no good cause for the request for video recordings, with the exception of three days of video from the first week of July. *Id.* Those videos were provided. At the preliminary injunction hearing, Plaintiffs next unsuccessfully asked the Court order Dallas County to indefinitely preserve all surveillance video footage from the magistrate courtrooms, on the basis that in Plaintiffs' opinion "preserving [all surveillance footage perpetually] should be easy"[3]—a flippant request which the Court correctly declined, instructing Plaintiffs to take that question up with Judge Horan.[4] Plaintiffs did not, and to date have not done so.

The Court heard Plaintiffs' motion for preliminary injunction on August 10, 2018. On September 20, 2018, the Court granted Plaintiffs' motion for preliminary injunction, entering an order of preliminary injunction that was to take effect 30 days from the date of the order. *See* ECF No. 165. The Dallas County Defendants moved for an extension of time to implement the preliminary injunction on October 18, 2018. The Court granted that motion, extending the implementation date to January 16, 2019. ECF No. 173.

Subsequently, the parties filed multiple motions for clarification—some joint, some not. *See* ECF Nos. 168 (Joint Motion by Plaintiffs and the County Defendants for Clarification of the Preliminary Injunction Order), 169 (Plaintiffs' Motion for Clarification and Modification of the Preliminary Injunction), 172 (Dallas County's Motion for Clarification and Modification of the Court's Preliminary Injunction), 188 (Misdemeanor Judges' Request for Clarification of the Court's Preliminary Injunction), 194 (Joint Motion for Clarification by Plaintiffs and County

---

[3] Exhibit A, 8-10-2018 Inj. Hrg. Tr., at 137:17-19.
[4] *Id.* at 136:23-137:16.

7

Defendants). For example, Plaintiffs moved for clarification and modification of the preliminary injunction, requesting among other things a modification of the injunction that would allow Plaintiffs "to monitor the County's new system" by requiring the County to provide documents, including completed financial affidavits and data, on an ongoing basis. ECF No. 169, at 7. Again, Plaintiffs sought to obtain through court order what they had not yet sought in discovery.

The Misdemeanor Judges, as another example, sought clarification as to whether the "adversarial bail review hearing" ordered by the Court must be held automatically, or only upon request. ECF No. 188, at 2. And Dallas County sought clarification on whether paragraph 8 of the Court's injunction, requiring a "hearing within 48 hours of arrest," meant that only one hearing was required or two, as the language adopted by the Court from *ODonnell I* did not cleanly fit the pretrial practice in Dallas County. *See* ECF No. 172, at 2.

Following a hearing on February 7, 2019, the Court denied all pending motions for clarification without prejudice, due to the Court's concern that given the pending appeal it lacked jurisdiction to modify the preliminary injunction. Given the denial of these multiple motions for clarification, it is clear that some degree of confusion remains—on all sides—regarding the scope and certain details of the preliminary injunction. Following the denial of the motions for clarification, no scheduling order was entered by the Court (and no scheduling order has been entered to date).

Plaintiffs continued to seek in discovery similar information to allow them to "monitor" the system through their Fourth Request for Production on April 15, 2019. *See* Exhibit E, Plaintiffs' 4th RFP to Dallas County Defendants. The parties' agreed custodian and search term list encompassed a broad sampling of individuals within the pretrial system, and allowed for the application of generous search terms to permit Defendants to identify responsive materials.

Exhibit F, Custodians and Search Terms. That protocol has guided the parties' ESI efforts to date.

The parties continued to disagree regarding the relevant timeframe for discovery. After Plaintiffs demanded that the Dallas County Defendants withdraw their objection to producing materials dating back to 2015, the Dallas County Defendants moved for protection. ECF No. 235. The Court granted in part and denied in part that motion. ECF No. 250. In its order, the Court ordered the parties to confer regarding a sampling of video production dating back to 1/1/2017. Rather than provide a sample, the Dallas County Defendants agreed to produce all videos in their possession that might evidence magistration and bail hearings. *See* ECF No. 251. The Court also overruled Plaintiffs' request for a motion to compel Defendants to "state the date ranges for which bail-hearing videos exist for each type of technology used to record the hearings from January 2015 through the present, state whether any video evidence was destroyed after this lawsuit was filed, and state the dates on which the evidence was destroyed." *Id.* at 9. The Court noted that this request "essentially seeks an interrogatory response without submitting an interrogatory." *Id.* To date, Plaintiffs have not served an interrogatory seeking that information. Instead, Plaintiffs noticed 30(b)(6) depositions seeking similar information.

Plaintiffs could have complained at any point in the past twenty-seven months about issues relating to compliance with the injunction, whether the procedural protections required by *ODonnell* are being provided, or any other issue having to do with the preliminary injunction and its implementation. For almost two years, the Dallas County Defendants have been providing Plaintiffs with monthly updates of three full days of bail hearing videos from the beginning of each month, as well as monthly updates of data spreadsheets reflecting information on each person booked into the Dallas County Jail over the course of the preceding month. The data

9

spreadsheet includes parameters and variables which Plaintiffs suggested, including: name, race, citizenship, age, gender, zip code, skin color, cause number, charge, arrest date and time, book-in date and time, date and time of the person's magistration hearing, the bail amount required by the magistrate, any conditions of release imposed by the magistrate, the type of bond approved, the date and time of each court setting, the date and time any attorney was appointed or retained, whether the arrestee was represented by a public defender, court appointed attorney, or private counsel, the time and date bond was posted, the type of bond posted, the time and date of release from jail, the dates of scheduled court appearances, the dates and nature of any bond failure, whether the arrestee was arrested while released on bond, whether the arrestee violated a condition of release, the disposition of the arrestee's case and date of disposition, and the sentence imposed.[5]

But on February 16, perhaps concerned by the possibility that the Fifth Circuit might imminently grant Dallas County's petition for rehearing of the panel opinion, Plaintiffs unilaterally noticed the depositions of County Court Judge Lisa Green, then-presiding Dallas County Magistrate Judge Terrie McVea, director of Pretrial Services Duane Steele, and Sheriff Marian Brown, as well as two 30(b)(6) representatives of Dallas County and the Dallas County Sheriff and District Judge Brandon Birmingham. Exhibit D, February 16, 2021 email from Elizabeth Rossi. Days later, on February 25, the Fifth Circuit granted the petition for rehearing en banc and vacated the panel opinion in its entirety. Exhibit H, Order Granting Petition for Rehearing en Banc.

---

[5] An excerpt of one such spreadsheet was submitted along with Dallas County Defendants' prior motion for protection, at ECF No. 235-10.

In subsequent conference with counsel for Dallas County Defendants, Plaintiffs confirmed that they intended the depositions to proceed notwithstanding the Fifth Circuit granting the petition for rehearing en banc.

Depositions and discovery should not go forward while the en banc Fifth Circuit considers this appeal again. When the en banc mandate issues, and the pending appellate issues are fully and finally disposed of, discovery should proceed. And in the interim, the Dallas County Defendants will continue to provide bail hearing videos and the data reports described above even if the Court grants this Motion for Stay. This material is more than sufficient for Plaintiffs to assess compliance with the injunction on a preliminary basis and now that the appeal is pending en banc.

### D.  While the *Daves* appeal is pending, Plaintiffs unsuccessfully sue Dallas County and the Sheriff over the COVID-19 pandemic response using information gathered in *Daves* discovery.

Although not directly related to this case, evidence and testimony from another pending suit against Dallas County and Sheriff Brown provide some insight into the effectiveness of the measures the Dallas County Defendants have undertaken with regards to the misdemeanor jail population.

While discovery in this case was ongoing, Plaintiffs sought information relating to how the Dallas County Jail was dealing with COVID-19, under the guise of seeking information relating to their class in this case. Exhibit I, Emails from Elizabeth Rossi to Kate David and Ben Stephens. Counsel for the Dallas County Defendants reasonably accommodated these requests, having multiple phone calls and exchanging information about Dallas County's and the judiciary's adaptation to COVID-19 with counsel for Plaintiffs. Throughout these communications, Plaintiffs' myopic focus was on one primary topic—the idea that the Dallas

County Defendants would undertake the widespread release of many inmates detained in the Dallas County Jail.

About four weeks after initiating these conversations, a proposed class of inmates sued the Dallas County Jail, represented by most of the same lawyers that represent the Plaintiffs in this case.[6] The *Sanchez* Plaintiffs sought a class-wide writ of habeas corpus which would require the release of all "medically vulnerable" inmates in the jail, and additionally brought conditions of confinement claims alleging that the Dallas County Sheriff and Dallas County had been deliberately indifferent to COVID-19.

The information about the positive steps the Dallas County Defendants had taken in anticipation of COVID-19, which the Dallas County Defendants freely provided to the *Daves* Plaintiffs prior to the *Sanchez* plaintiffs filing suit, foreshadowed the outcome of the preliminary injunction hearing. Judge Brown denied Plaintiffs' application for a preliminary injunction and dismissed the Sanchez Plaintiffs' habeas claim after a four-day hearing. *See Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931 (N.D. Tex. May 22, 2020). The *Sanchez* Plaintiffs did not appeal.

Judge Brown's opinion, drawing on the testimony from that hearing as well as confidential criminal history information for the jail population which the *Sanchez* defendants provided, noted that "it is clear that those inmates whose release was not objectionable to Defendants have likely already been released." *Id.* at *11. Judge Brown explained that her review of the criminal records of inmates still detained in the jail evidenced that the "Dallas County Criminal District Attorney, the criminal defense attorneys representing accused

---

[6] Of the eighteen counsel that have appeared for the plaintiffs in *Sanchez* and the fourteen that have appeared for Plaintiffs in *Daves*, there is overlap between five of those attorneys—lead counsel for each case has appeared in the other case.

individuals, and the Dallas County judges have collaborated well and worked diligently to drastically reduce the jail population since the eruption of the COVID-19 crisis." *Id.*

> Importantly for the purposes of this case, Judge Brown noted as follows:
>
> "Of the 4,829 inmates, approximately 4,105 of them are detained on felony offenses. This Court has reviewed, *in camera*, the National Crime Information Center records for each inmate remaining in the jail. With few exceptions, all inmates being held, whether on felony or misdemeanor charges, have prior convictions involving crimes of violence or prior convictions that may cause public safety concerns if the inmates were to be released.
>
> Fewer than 200 inmates are being held on misdemeanor charges. There are typically only 5 to 20 inmates charged with non-violent, non-DWI misdemeanor offenses at any time in the jail. Testimony during the hearing showed that there are *no* inmates being held on jail on Class C misdemeanors, such as traffic tickets."

*Id.* at *1 (emphasis in original). This finding goes to the heart of (and effectively contradicts) Plaintiffs' central concern in this case—that at any given time the jail contains numerous persons who were set a scheduled money bail amount they cannot afford, without proper procedural protections, and are detained on a misdemeanor charge for that reason. *Sanchez* remains pending as the parties discuss settlement.

Given the abundant discovery provided to date in the form of not just documents, but thousands of hours of past and present bail hearings, and given the pending en banc review of the Court's preliminary injunction which will be heard in under three months, the Dallas County Defendants move this Court for a stay of discovery pending issuance of a mandate from the en banc Fifth Circuit, or, in the alternative, a protective order quashing the already-noticed depositions.

## III.
## ARGUMENT

**A.  Standard.**

"[A] district court possesses inherent power to control its docket." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *see Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants"). Indeed, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also* Fed. R. Civ. P. 26(c) (providing that a district court has discretion to stay discovery "for good cause shown"). The Fifth Circuit has noted that it would be "wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach" a determination on those merits. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. Appx. 866, 870 (5th Cir. 2010).

Good cause exists to grant a stay or issue a protective order under Rule 26(c) to protect the Dallas County Defendants from annoyance, oppression, and undue burden and expense. *See Total Rx Care, LLC v. Great N. Ins. Co.*, No. 3:16-cv-2965, 2016 WL 9559917, at *1 (N.D. Tex. Dec. 30, 2016). Courts in this circuit apply a "balancing of interests" approach, "compar[ing] the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *See Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted).

**B.  Good cause exists to stay discovery.**

Discovery should be stayed pending resolution of the rehearing en banc and the issuance of a mandate. In the alternative to a full stay of discovery, the Dallas County Defendants seek a protective order quashing the depositions noticed by Plaintiffs immediately prior to the Fifth Circuit's granting Dallas County's petition for en banc rehearing. At the very least, the

14

deposition of Sheriff Brown should be quashed, since Sheriff Brown was not enjoined (and therefore has no information regarding her "compliance with the injunction").

### 1. Plaintiffs have already acknowledged that these depositions will be cumulative and duplicative of further discovery.

Although Plaintiffs state that the depositions they seek will be "limited in scope" to "focus on compliance with the PI Order and the contours of relief on remand," this is not actually "limiting" the scope of discovery at all. Exhibit D, February 16, 2021 email from Elizabeth Rossi. Deposing these witnesses now on "compliance with the PI Order" all but guarantees that Plaintiffs will ask to depose the same or additional witnesses later to determine whether and how "compliance" efforts have changed. Plaintiffs candidly acknowledge that this is the case—they have already said they "intend for these depositions to be taken in addition to the depositions permitted by the Federal Rules of Civil Procedure and/or allotted by any scheduling order the Court will issue when the case returns to the district court on remand." *Id*. It is not "limiting" the scope of discovery to set up multiple depositions on the same topic.

Extensive discovery has already been conducted—tens of thousands of documents have been produced (by both the District Judges and the Dallas County Defendants), and thousands of hours of videos of bail hearings going back to 2017 have been provided. Only now that the preliminary injunction is pending before the en banc Fifth Circuit are Plaintiffs insisting on depositions. It makes no sense to put the parties and these individual defendants (some of whom are elected officials) to the further expense and inconvenience of depositions. To the contrary, all parties would benefit from a stay for the finite period of time it would take for the en banc petition to be heard less than three months from now during the week of May 24th, and likely ruled on shortly thereafter. Exhibit B, Letter Setting Supplemental Briefing Schedule.

### 2. Discovery, in particular depositions, should be stayed pending resolution of the en banc rehearing.

A stay of discovery is especially appropriate where, as here, the disposition of the en banc petition might preclude the need for discovery from some parties altogether. A central issue in Dallas County's en banc petition was whether the County Court Judges should be considered state actors (like the panel found the District Judges to be) and therefore immune from suit. If the en banc Fifth Circuit agrees, then Dallas County itself is not a proper defendant, as no policymaker who is the "moving force" for the constitutional violations of which Plaintiffs complain will remain in the case. *Monell v. Dept of Social Servs. of City of New York*, 436 U.S. 658, 696 (1978).

County Court Judges (like Judge Green, whom Plaintiffs have noticed for deposition) could be held to be entitled to sovereign immunity—not susceptible to suit, and not susceptible to discovery even as a non-party. *See, e.g. Alltel Communications, LLC v. DeJordy*, 675 F.3d 1100, 1105-06 (8th Cir. 2012) (barring enforcement of third-party subpoenas directed at a government entity due to the "potential for severe interference with government functions").[7]

Magistrate judges, like Judge McVea (whom Plaintiffs have noticed for deposition) were held by the panel to be state officers, like the District Court judges. If the en banc court confirms this sound reasoning, they would also be immune.

And at the very least, the Dallas County Sheriff should not be deposed at this stage, regardless of whether a stay of all discovery is entered. Plaintiffs' ostensibly "narrowed" topics of injunction compliance and determining the scope of relief on remand are nonsensical as applied to Sheriff Brown, who was not enjoined. The Court did not enjoin the Sheriff and found

---

[7] It is to be expected that even if the Fifth Circuit concludes that the County Court Judges are immune from suit, Plaintiffs will pursue third-party discovery as part of their pattern of attempting to impose political pressure on elected officials through harassing discovery and the litigation process. The same counsel litigating this case are doing just that in a parallel suit in Harris County, having issued subpoenas to all Harris County Criminal District Judges notwithstanding their dismissal from that suit and vacatur of the district court's order denying sovereign immunity. *See* Non-Party Felony Judges' Motion to Quash, *Russell et al. v. Harris County, et al.*, 4:19-cv-226 (S.D. Tex. Mar. 2, 2021).

the Sheriff to be not a proper party under Section 1983. ECF No. 164, at 8. The panel revised

that portion of the injunction, but the en banc Fifth Circuit vacated the entire panel opinion. Any

basis to depose Sheriff Brown regarding what relief might be entered against her upon remand

from the panel evaporated when that opinion was vacated.

### 3.   A stay will not prejudice Plaintiffs.

A stay pending remand of the en banc Fifth Circuit's review of this Court's order of

preliminary injunction will not prejudice the Plaintiffs. First, the en banc Court has clearly

indicated its preference for briefing on an accelerated timeline and a prompt hearing. The case

will be reheard in just 12 weeks. There is no unfair prejudice to Plaintiffs—who have not noticed

a deposition in the past two plus years—to maintaining the status quo until the en banc rehearing

is finally decided. All parties and this Court would benefit from not incurring the cost and

resource burdens associated with depositions that may not be warranted if the individual

deponents are entitled to immunity or are otherwise found not to be proper parties.

Second, the Dallas County Defendants have agreed to provide (and have been providing

for almost two years) three days of videos of magistration hearings for each month on an

ongoing basis. Plaintiffs have consistently referred to videos of hearings as the "best evidence"

of what occurs at those hearings. *See* ECF No. 240, at 19. And the monthly report which the

Dallas County Defendants will continue to provide grants Plaintiffs even more context and

insight into the pretrial process—it is a snapshot of every single person booked into the Dallas

County Jail in a given month, accompanied by a wealth of information about that person's

charges, bail, conditions of bail, release, re-arrest if any, and so on.

This is a case about what happens at bail hearings. The information the Dallas County

Defendants will continue to provide on an ongoing basis—even if a stay of discovery is

granted—gives Plaintiffs ample information to assess whether bail hearings as they are

conducted today in Dallas County comply with the injunction. A stay of discovery will avoid putting potentially immune individuals, or individuals who are otherwise not proper parties for the relief Plaintiffs seek, through the time and inconvenience of what will likely be only the first of multiple depositions.

## IV.
## CONCLUSION

For the reasons stated herein, the Dallas County Defendants respectfully request the Court grant this Motion staying all noticed depositions and all further discovery pending the issuance of a mandate upon rehearing en banc; or, in the alternative, issuing a protective order for all noticed depositions including the noticed depositions for Dallas County and the Dallas County Sheriff under Rule 30(b)(6), and of Judge Lisa Green, Judge Terrie McVea, Duane Steele, and Sheriff Marian Brown, and against further notices of deposition pending the issuance of a mandate upon rehearing en banc.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Katharine D. David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

**COUNSEL FOR DALLAS COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on March 5, 2021.

/s/ Ben Stephens
Ben Stephens

## CERTIFICATE OF CONFERENCE

After a telephone conference with Plaintiffs, I informed Plaintiffs by email on March 4, 2021 at 11:22 a.m. CST that Dallas County Defendants intended to move for a stay of discovery and protective orders and asked Plaintiffs to confirm whether they were opposed or unopposed. As of the time of filing this motion Plaintiffs have not responded and it is therefore presumed that they are opposed. The District Judges represented by the Office of the Attorney General join in this motion. The District Judges represented by the Tillotson Law Firm likewise join in the relief sought.

/s/ Ben Stephens
Ben Stephens

HB: 4832-8290-2750.2